Danny Frank **STRELEC**, Appellant,

v.

**STATE** of Texas, Appellee.

No. C14–82–315–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 23, 1983.

Carol S. Vance, Houston, for appellant.

Joseph Magliolo, Jr., Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

Appeal is taken from a conviction for burglary. After waiving trial by jury, appellant entered a plea of not guilty. He was found guilty and the court assessed punishment, enhanced by two prior felony convictions, at life imprisonment.

In two grounds of error, appellant challenges the sufficiency of the evidence, contending (1) there was insufficient evidence to hold appellant criminally responsible as a party to the offense, and (2) the state failed to prove that the principal, Greenhouse, committed the burglary.

The record reveals that at approximately 10:00 a.m. on October 20, 1981, appellant and one Glen Greenhouse drove a red pickup truck to the Memorial Drive Lutheran Church parking lot located at Memorial Drive and Gessner Road in Houston. They parked in a remote corner of the lot; Greenhouse exited the truck and disappeared behind the church garage. Reverend Gordon Kueneman, pastor of the church, watched from inside the church as the men drove up; he saw Greenhouse go behind the garage. Becoming suspicious, Kueneman approached the truck. Kueneman looked behind the garage; Greenhouse was not there. A large fence surrounded the church and garage area; residences are located beyond the fence, one of which was the home of the complainant, H.N. Hockensmith. Strelec stated to Kueneman that he was alone and wanted to "work on his truck." The hood of the vehicle was raised; appellant was polishing the truck's wheels. Aware of a rash of burglaries in the neighborhood, Kueneman called the police. Officer James Lewman of the Village Police Department arrived on the scene; Strelec told Lewman that he was alone and was waiting to meet a co-worker. Appellant gave Lewman a false name and stated that he had no identification. Unsatisfied with appellant's explanation, Lewman called for assistance from unmarked patrol cars and moved across Memorial Drive to observe appellant. Shortly thereafter, Lewman spotted appellant and another male, later identified as Greenhouse, heading on foot in opposite directions near the intersection of Memorial and Gessner. Appellant tossed a set of keys to Greenhouse as they passed. Officers apprehended Greenhouse as he drove away in the truck. Appellant caught a ride from a passing van and was arrested shortly thereafter on a nearby street. While in the patrol car, the officers noticed Greenhouse "wiggling" in the back seat. The police later discovered items belonging

to the complainant stashed behind the back seat of the car.

H.N. Hockensmith testified that he lived at 302 Gessner in Houston; his home was situated behind the Memorial Drive Lutheran Church. Upon arriving home at approximately 11:45 a.m. on October 20, 1981, he discovered a pane of glass missing from a window in a back bedroom; the house was in disarray. He had not given anyone permission to enter his house.

At the outset, we must determine whether the evidence is sufficient to uphold appellant's conviction as a party to the offense of burglary. TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974) provides:

A person is criminally responsible for an offense committed by the conduct of another if:

acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Thus, the issue presented is whether applying the test of circumstantial evidence, the evidence is sufficient to hold appellant responsible as a party to the crime: does the evidence exclude every other reasonable hypothesis except that appellant was aiding or attempting to aid Greenhouse in the commission of the burglary? We think not.

Taking the stand in his own defense, appellant testified that he had twice previously been sentenced to the penitentiary; he had been paroled in July, 1981, to a half-way house in Lubbock and he had left the half-way house in August, 1981, without permission. At the time of trial, appellant had an outstanding parole violation pending against him. Strelec was a "sheetrocker" by trade and stated that Greenhouse had approached him with an offer "to make some extra money" by doing some sheet-rocking work for a friend of Greenhouse. Appellant testified that he and Greenhouse were to meet the friend at the corner of Memorial and Gessner. When they arrived at the church, Greenhouse told Strelec that he (Greenhouse) was going to make a phone call. Strelec said he did not see Greenhouse

go over the fence behind the church garage; when Greenhouse failed to return in a few minutes, Strelec got out of the truck. As for appellant's statement to Reverend Kueneman that he was alone, Strelec testified, "I didn't know what to say because I am a parole violator and I was kind of scared at the moment." He offered the same explanation for his giving a false name to Officer Lewman. Appellant later saw Greenhouse and threw him the keys to the truck; Strelec said, "I told him I was going, that they said he jumped a fence and that a lot of burglaries had been going on around here. And I told him I was leaving...."

In determining whether one participated as a party committing an offense, the fact finder may look to events occurring before, during and after the offense and reliance may be placed on actions which show an understanding and common design to do a certain act. *Porter v. State,* 634 S.W.2d 846 (Tex.Cr.App.1982). Every case predicated upon circumstantial evidence must be tested upon its own facts to ascertain the sufficiency of the evidence to uphold the conviction. *Id.* at 849.

In the instant case, the evidence shows that appellant was present near the scene of the offense; he left the scene; he lied to Reverend Kueneman and Officer Lewman about being alone; he gave Lewman a false name; and he tossed Greenhouse the truck keys. There is no showing that appellant had any purpose or design in common with Greenhouse to enter the Hockensmith house with the intent to commit theft. There is nothing in the record to show that prior to the commission of the offense appellant, acting with intent to promote or assist in the commission of the offense, solicited, encouraged, directed, aided, or attempted to aid Greenhouse in the commission of the offense. *Freeman v. State,* 654 S.W.2d 450 (Tex.Cr.App.1983). *Compare Porter,* 634 S.W.2d at 847–848; *Urtado v. State,* 605 S.W.2d 907 (Tex.Cr.App.1980). We hold that the evidence is insufficient to show that appellant was a

party to the offense; appellant's first ground of error is sustained. We need not consider the second ground of error. The conviction is reversed and the cause is remanded to the trial court with instructions to enter a judgment of acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).