Eddie Maxcie HOUSTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 536–82.

Court of Criminal Appeals of Texas, En Banc.

Feb. 1, 1984.

Leonard M. Roth, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alvin M. Titus and John Holleman, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

ON APPELLANT'S MOTION FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

This Court granted appellant's motion for leave to file his motion for rehearing from the refusal of his petition for discretionary review in order to consider the correct stan-

dard for the review of cases based on circumstantial evidence. Appellant specifically asked that we announce the correct standard as being one in which the appellate court reviews the evidence in light of the presumption that the accused is innocent.

Subsequent to granting appellant's motion for leave to file, we handed down a group of cases which settled the question of the standard of review to be used in circumstantial evidence cases. *Carlsen v. State,* 654 S.W.2d 444 (Tex.Cr.App.1983) (opinion on motion for rehearing); *Freeman v. State,* 654 S.W.2d 450 (Tex.Cr.App.1983) (opinion on motion for rehearing); *Denby v. State,* 654 S.W.2d 457 (Tex.Cr.App.1983) (opinion on motion for rehearing); and *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr.App. 1983) (opinion on motion for rehearing). The Court found that the standard for review in both direct and circumstantial evidence cases is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

The Court's opinion then went on to address directly the issue now before us:

"... This Court's opinions have never held the circumstantial evidence *analysis* constitutes a different *standard for review* from that to be applied in direct evidence cases.*

---

* [Footnote] "It is true that some opinions of the Court have quoted language apparently originating from the pen of an author or editor of *Texas Jurisprudence* to the effect that in circumstantial evidence cases an appellate court will 'review the evidence in light of the *presumption that the accused is innocent,*' 18 Tex.Jur., § 309, p. 432.

"Literally and technically inaccurate, the *statement is revealed as a writer's* attempt to convey the notion that the State's burden of adducing proof beyond a reasonable doubt is but a conceptual corollary of the presumption of innocence, and a failure to produce that evidentiary quantum operates to absolve the appellant...." (Emphasis in original opinion).

*Carlsen v. State,* supra, at 449; *Freeman v. State,* supra, at 456; *Denby v. State,* supra, at 464; *Wilson v. State,* supra, at 472. Thus, we have declined to accept the standard requested by appellant. In both direct

and circumstantial evidence cases the reviewing court will look at all the evidence in the light most favorable to the verdict or judgment. All cases containing the language that review of the evidence "in light of the presumption that the accused is innocent" are expressly overruled.

The appellant's motion for rehearing on petition for discretionary review is denied.