Bobby MARKHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00434–CR.

Court of Appeals of Texas,
San Antonio.

July 9, 1986.

Richard Langlois, San Antonio, for appellant.

Sam Millsap, Jr., Robert Reaves, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CANTU, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a conviction of burglary of a vehicle. TEX. PENAL CODE ANN. § 30.04 (Vernon 1974). After determining the appellant's guilt, the jury found an enhancement paragraph in the indictment to be true and assessed punishment at 15 years' confinement and a $10,000.00 fine. TEX. PENAL CODE ANN. § 12.42(a) (Vernon 1974).

Appellant's sole ground of error challenges the sufficiency of the evidence to support his conviction. A recitation of the evidence is, therefore, required.

The State presented three witnesses at the trial. The complaining witness testified that on May 21, 1985, she stopped at a San Antonio Shamrock service station to purchase gas for her automobile. According to the complainant, she was inside the station for approximately three minutes. When she returned to her automobile, a pink leather purse she had left on the seat of the car was gone. The complainant called the police, who arrived within ten minutes. The police notified other officers via the police radio that the burglary had just occurred and that a pink purse had been taken. The complainant did not see the appellant or any other person enter her car.

The State also called two San Antonio Police officers who were working undercover on the day in question to testify. One of the officers, Joe Morris, related that he observed a 1977 red and white Buick, that was under surveillance for suspected involvement in several recent thefts, parked at the Shamrock service station. Morris had been following the Buick, but had lost sight of it for approximately ten minutes.[1] When he relocated the vehicle it was at the Shamrock station. Three men had been in the vehicle while Morris was following it, however, only two men were in the car at the station. Morris parked approximately 100 feet from the Buick and observed a man wearing a green shirt get into the right front passenger side of the car. The man in the green shirt did not have anything in his hands when he got into the car.

The Buick left the Shamrock station followed by Morris. While keeping the Buick under surveillance, Morris heard the broadcast on his police radio concerning the car that had been burglarized at the Shamrock station, and the pink purse that had been taken.

George Lockamy, the other undercover officer involved in surveillance of the Buick, testified that he had taken over following the Buick when he too heard the broadcast concerning the stolen pink purse from the automobile at the Shamrock station.

Lockamy followed the Buick to a parking lot. The Buick made a u-turn and parked next to Lockamy's car. According to Lockamy's testimony, he determined that the occupants of the Buick recognized that Lockamy was following them, and wanted to find out who he was. Lockamy got out of his car and approached the Buick. Inside, on the back seat, was a pink purse with its contents scattered about. Identification and credit cards near the purse bore the complainant's name. The appellant was sitting in the front passenger seat and was wearing a green shirt. Neither of the other occupants was wearing a green shirt.

---

1. Contrary to the statement in the dissents opinion, Officer Morris testified that he lost sight of the red and white Buick for approximately ten to fifteen minutes. When he relocated the automobile it was already parked at the Shamrock service station. The man in the green shirt was walking near the Buick.

Lockamy testified that the right front seat passenger was talking with his arm over the front seat of the Buick to the occupant in the back seat while he was following the Buick. However, at no time did any of the witnesses see appellant with the purse or its contents.

The State contends that appellant's unexplained possession of recently stolen property is alone sufficient to support a conviction for the burglary in which the property was stolen. Since appellant was in the car with the pink purse, and was observed outside the Buick at the location of the burglary, the State maintains that the evidence is sufficient to support appellant's conviction.

Appellant, however, argues that the circumstantial evidence is insufficient. Appellant points out that there were two other men in the vehicle and that appellant himself was not seen in possession of the purse or its contents. Further, appellant argues that the purse was in the back seat of the Buick while he was in the front seat, and that he did not own the vehicle. Thus, appellant maintains that every reasonable hypothesis other than that of guilt has not been excluded. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983) (en banc).

Where there is independent evidence of a burglary, an unexplained, *personal or exclusive* possession of recently stolen property is alone sufficient to support a conviction for the burglary from which the property is taken. *Jackson v. State*, 645 S.W.2d 303 (Tex.Crim.App.1983); *Williams v. State*, 621 S.W.2d 613 (Tex. Crim.App.1981), *cert. denied*, 456 U.S. 908, 102 S.Ct. 1755, 72 L.Ed.2d 165 (1982). Appellant did not personally possess the pink purse, rather it was in the car with appellant and two other persons. However, it is not necessary that the appellant be found in the immediate possession of stolen goods if it appears that the accused is exercising control over the goods, and is found in close relation to the goods. *Beard v. State*, 458 S.W.2d 85 (Tex.Crim.App.1970). The question before us then is whether the close juxtaposition of the facts in this case permit an inference of possession by appellant of the pink purse. Generally, the close juxtaposition doctrine applies where a defendant is found near or with recently stolen property or other contraband and additional facts indicate that the defendant is guilty; rendering the close relationship of the facts the equivalent of direct evidence of the element to be proven. *Riggins v. State*, 468 S.W.2d 841 (Tex.Crim.App.1971). Thus an inference of guilt may arise from the defendant's possession of stolen property. However, to warrant such an inference from possession alone, such possession must be personal, recent, unexplained and must involve a distinct and conscious assertion of a right to the property by the accused. *Carter v. State*, 668 S.W.2d 851, 852 (Tex.App.—San Antonio 1984, pet. ref'd).

For example, in *Hunt v. State*, 625 S.W.2d 405 (Tex.App.—San Antonio 1981, pet. ref'd) police officers observed the defendant near a truck. They heard the truck door open and saw the defendant carrying a box. The box contained chickens that later were determined to have been stolen from the truck. Although the defendant had not been seen actually stealing the chickens, the fact that he had been near the truck and was found with the chickens stolen from the truck permitted an inference that the defendant had stolen the chickens.

Similarly in *Grinage v. State*, 634 S.W.2d 863 (Tex.App.—San Antonio 1982, pet. ref'd) the defendant was found hiding in a business building when it was closed. A desk and door had been broken into and items were missing. The defendant's prints were found on the door. Although the stolen items were never recovered, this court determined the facts were of such close juxtaposition that there was the equivalent of direct evidence of the defendant's breaking and entering.

Our review of other cases wherein the close juxtaposition doctrine applies reveals that the defendant is either the only person in possession of the item or all of the

evidence points to the defendant's guilt so that no other reasonable hypothesis other than guilt is raised. *See e.g., Hankins v. State*, 646 S.W.2d 191 (Tex.Crim.App.1983) (on motion for rehearing en banc) (defendant's boots and wallet found near rope hanging from ceiling vent used to gain entry to store and defendant's possession of items stolen from store); *Cooper v. State*, 509 S.W.2d 865 (Tex.Crim.App.1974) (defendant seen leaning over counter near cash register and checks later found in defendant's pocket); *Williams v. State*, 504 S.W.2d 477 (Tex.Crim.App.1974) (defendant found at building pushing safe out door and ran when police arrived); *Riggins v. State*, 468 S.W.2d 841 (Tex.Crim.App. 1971) (defendant found asleep in car near burglarized jewelry store with stolen jewelry and trail of vomit led from store to car and defendant).

Where the defendant was not in exclusive possession of the stolen goods, the courts apply the rule if the actors are exercising joint control over the items. *See* for example, *Beard v. State*, 458 S.W.2d 85 (Tex.Crim.App.1970) wherein the defendant was caught committing a second burglary using tools stolen in a prior burglary. Two men were committing the burglary, and the stolen tools were scattered about the floor. The court found that both men were using the tools and that they exercised joint control and possession of them, sufficient to sustain a conviction for burglary.

■ Only weak circumstantial evidence in this case links the appellant to the stolen purse. There is no evidence that appellant took the purse. Although appellant was the only person seen outside the Buick at the Shamrock station, the car was not under surveillance the entire time it was at the station. Moreover, appellant was not seen near the car from which the purse was stolen, nor was he seen with the stolen property.

■ Thus, viewing the evidence in the light most favorable to the verdict as we are required to do, *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984) (en banc) we find that a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. *Wilhoit v. State*, 638 S.W.2d 489 (Tex.Crim. App.1982). Appellant offered no evidence to explain the presence of the stolen purse in the Buick. However, since it was not shown that he had personal possession or exercised joint control, appellant's mere presence in the car cannot alone sustain his conviction. *Valdez v. State*, 623 S.W.2d 317 (Tex.Crim.App.1981) (on motion for rehearing). *Cf. Jackson v. State, supra.*

Appellant's ground of error is sustained. The judgment of the trial court is set aside and an order of acquittal is entered.

BUTTS, Justice, dissenting.

I respectfully dissent. Appellant and the majority opinion rely upon cases involving one defendant, forgetting that three persons were arrested and charged with burglary of a vehicle in this case. These were not only the appellant but also his two co-defendants, William Harris and Michael Phelps. The trial court correctly submitted a jury charge on the law of parties. *See,* TEX. PENAL CODE ANN. §§ 7.01(a)(1); 7.02(a)(2) (Vernon 1974).

Detective Morris testified that he kept the suspect 1977 Buick under surveillance all the time it was parked at the Shamrock station.[1] He also said that while he could see the upper portion of the person wearing the green shirt, he could not see his hands. That is why he failed to see anything in his hands if appellant did himself take the pink purse. Under the facts of this case, it would not be necessary that appellant be seen taking the purse.

What removes the proof from the realm of speculation is the minimal length of time that Morris constantly watched the automobile at the station and the fact that the offense occurred during those very few

1. The fact that the officer lost sight of the auto under surveillance prior to its being parked at

the station is of no consequence to this proof.

minutes, with the discovery of the stolen purse and the arrest also occurring during the same brief time span (about thirty minutes altogether). Morris saw appellant get into the parked Buick which already contained two persons who did not leave the car at any time. He saw the automobile leave and he followed it, keeping it in sight at all times. His fellow officer, Detective Lockamy, also followed, and it was he who went to the stopped Buick to seek identification and saw in plain view the pink purse. None of the three occupants had been out of sight. None had left the Buick. The appellant was wearing the green shirt. Not one of the three offered any explanation for their possession of recently stolen property—as recent as about 15 minutes at the time of arrest.

This is a circumstantial evidence case. Participation in a criminal enterprise may be inferred from the circumstances. *Freeman v. State*, 654 S.W.2d 450, 454 (Tex.Crim.App.1983). In determining whether an accused was participating as a party to the offense, the court may look to events before, during, and after the commission of the offense. *Medellin v. State*, 617 S.W.2d 229, 231 (Tex.Crim.App.1981). Mere presence at the scene will not constitute one a party; however, it is a circumstance tending to prove that a person is a party, and taken with other facts, may be sufficient to show that the accused was a participant. *Id.*

In the present case the jury was faced with sufficient evidence to infer that the possession of the recently stolen purse (just a few minutes prior to the arrest) was a circumstance of the guilt of the appellant, either acting alone or as a party. Neither of the three defendants offered an explanation of their possession of recently stolen property.

In viewing the evidence in the light most favorable to the verdict, we should determine that any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Freeman v. State, supra* at 456–457. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). I respectfully suggest this court apply that standard of review and affirm.