**Michael PHELPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00591–CR.**

Court of Appeals of Texas, San Antonio.

May 13, 1987.

Darrell E. Anderson, San Antonio, for appellant.

Fred G. Rodriguez, Crim. Dist. Atty., Sam D. Millsap, Jr., Former Crim. Dist. Atty., Tina Tussay, Edward Shaughnessy, III, San Antonio, for appellee.

## OPINION

Before ESQUIVEL, BUTTS and DIAL, JJ.

BUTTS, Justice.

This is a companion case to *Markham v. State*, 714 S.W.2d 93 (Tex.App.—San Antonio 1986). The offense is burglary of a vehicle. Although the facts are as related in that case, that majority decision does not control the disposition of the instant case.

While this is a circumstantial evidence case, it is also one in which the three codefendants were kept under surveillance by police officers from the time they left a service station, where the vehicle was burglarized and a purse taken, until the time of their arrest, approximately 15 minutes later. The jury received a charge on the law of parties, TEX.PENAL CODE ANN. §§ 7.01(a) and 7.02(a)(2) (Vernon 1974). The first two points of error challenge the sufficiency of the evidence to support the conviction.

Under the facts of this case it would not be necessary that any one of the three defendants actually be seen taking the pink purse from the automobile at the service station. The automobile which appellant drove was under police surveillance. Officer Morris, of the San Antonio Police Department, testified he constantly watched the automobile he located parked at the station. The offense occurred within those few minutes at the station. Morris saw codefendant Markham get into the automobile which he was watching as part of a crime task force operation. He said the two persons inside did not leave the car. He followed the car when it left and kept it in sight. His fellow officer, Lockamy, also followed the car. Lockamy went to the car after it stopped and saw the purse on the back seat. None of the occupants had been out of sight and none had left the car, which appellant was driving. About fifteen minutes had passed since they left the station.

There was no eyewitness to the offense, and the evidence was circumstantial. However, the standard for reviewing the sufficiency of the evidence on appeal is the same for direct and circumstantial evidence cases: to view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979); *Ellis v. State*, 726 S.W.2d 39, 40 (Tex.Crim.App.1986), *citing Garrett v. State*, 682 S.W.2d 301 (Tex. Crim.App.1984); *McGoldrick v. State*, 682 S.W.2d 573 (Tex.Crim.App.1985).

Participation in a criminal enterprise may be inferred from the circumstances. *Freeman v. State*, 654 S.W.2d 450, 454 (Tex.Crim.App.1983). In determining whether an accused was participating as a party to the offense, the court may look to events before, during, and after the commission of the offense. *Medellin v. State*, 617 S.W.2d 229, 231 (Tex.Crim.App. 1981). Mere presence at the scene will not render one a party; however, it is a circumstance tending to prove that a person is a party, and taken with other facts, may be sufficient to show that the accused was a participant. *Id.*

The owner of the vehicle stated she left her purse on the seat of her automobile when she went inside to pay for gasoline and was gone about five minutes. Her purse was missing upon her return, and she reported it to the police. An officer arrived and she was giving information to him when he received a radio call that her purse had been recovered.

The three occupants of the car under surveillance were not charged with theft; the charge was burglary of a vehicle. TEX.PENAL CODE ANN. § 30.04 (Vernon 1974). The elements are that a person, without the effective consent of the owner, breaks or enters any part of a vehicle with intent to commit a felony or theft.

Officer Morris testified that he saw only one of the three men get out of their car at the station; that one was a black man, and he was wearing a green tee-shirt. When arrested, codefendant Markham was wearing a green tee-shirt. The other two occupants never left the car. Appellant was the driver, and a third codefendant was the back seat passenger. The contents of the purse were on the seat.

While flight alone will not support a guilty verdict, evidence of flight from the scene of a crime is a circumstance from which an inference of guilt may be drawn. *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim.App.1981) (on motion for rehearing). In this case, the appellant was present at the scene of the crime; there was evidence he drove the car and fled the scene with his companions. The fact-finder could consider: the burglary occurred while the appellant's automobile was at the station; the black man in a green tee-shirt, Markham, was the only one of the three who left the car and got back in it; only a few minutes elapsed from the time the complainant missed her purse until the three defendants were apprehended; the purse was in appellant's car; the close proximity of appellant to the purse; none of the three defendants offered any explanation when arrested as to how the purse came to be in the appellant's car; Markham (codefendant) did not testify that only he was responsible for the purse on the car seat; the flight from the scene in the car driven by appellant.

Neither appellant nor his codefendants testified at his trial. Nor did the evidence which was presented create a reasonable hypothesis other than the guilt of the appellant as a party to the offense.

*Markham v. State, supra*, was determined by the majority without consideration of application of the law of parties, which was also charged to the jury in that case. Therefore, that decision cannot be dispositive of this case because the majority failed to apply the law of parties.

It can be concluded that under the circumstances of the present case the jury could and did find the essential elements of the crime beyond a reasonable doubt and that appellant, according to a common purpose, acted with the others as a party to the offense. Appellant's first two points of error challenging the sufficiency of the evidence are overruled.

The final point is that error resulted when he was denied the right to have a codefendant, Markham, testify as a defense witness. Out of the presence of the jury Markham claimed his Fifth Amendment

privilege against self-incrimination. The trial court refused to permit him to be called as a witness, and trial resumed. Markham had not then been tried for the offense. A defendant may not call as a witness a codefendant who has indicated he will assert his privilege against self-incrimination under the Fifth Amendment of the United States' Constitution. *Whitmore v. State*, 570 S.W.2d 889, 896 (Tex.Crim.App. 1978) (citations omitted). No error is shown, and the third point of error is overruled.

The judgment is affirmed.

ESQUIVEL, Justice, dissenting.

I can not agree with the holding of the majority in this case.

In his first point of error, appellant contends that the trial court erred in denying his motion for an instructed verdict because the State's evidence failed to prove appellant's commission of the offense beyond a reasonable doubt. In his second point of error, he contends that the evidence is insufficient to support the judgment of conviction. Since both grounds challenge the sufficiency of the evidence I will discuss them together.

Appellant presented no evidence in his defense. The only evidence before us is the evidence presented by the State in its case-in-chief. The majority, under our scope of review, has correctly set out that evidence in the light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984).

Appellant argues that the State failed to prove either by direct or circumstantial evidence that he was criminally responsible as a party to the burglary of the complainant's vehicle. Appellant points out that the State's only probative evidence came from detective Morris who placed appellant at the scene where the burglary occurred, and from Detective Lockamey who placed appellant in the driver's seat of the Buick where the complainant's purse and driver's license were in plain view. Further, appellant points out that no witnesses for the

State testified that appellant was seen taking complainant's pink purse out of her automobile, nor that appellant was in physical possession of the pink purse. He contends that the showing of his presence at the scene is not sufficient to sustain a conviction; that none of the events prior to the burglary affirmatively show appellant's preparation for or participation in the crime; and that appellant's "flight" as described by Detective Morris was calm, as if nothing unusual had happened.

The State contends that appellant's unexplained possession of recently stolen property is alone sufficient so support a conviction for the burglary in which the property was stolen. Appellant maintains that since there were three men in the car he was driving, and the pink purse was discovered in the back seat, every reasonable hypothesis other than his guilt has not been excluded. The exact contention by the State was rejected by a majority panel of this Court in the appeal by Bobby Markham, appellant's co-defendant, the man in the "green shirt." The majority of a panel of this Court rejected the State's contention of possession of recently stolen property and reversed the conviction. *See Markham v. State*, 714 S.W.2d 93, 96 (Tex.App.—San Antonio 1986, no pet.). I adopt the reasoning of this Court in *Markham*, and reject the State's contention.

An inference or a presumption of a defendant's guilt of a burglary or theft sufficient to sustain a conviction may arise from possession by a defendant of property stolen or taken in a recent burglary. However, in the prosecution for either a theft or a burglary, to warrant such an inference or presumption of guilt from the circumstances of possession alone, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion or right to the property by the defendant.

*Jackson v. State*, 645 S.W.2d 303, 306 (Tex. Crim.App.1983), *citing Rodriguez v. State*, 549 S.W.2d 747, 749 (Tex.Crim.App.1977).

In the instant case the evidence is insufficient to prove that appellant had any pur-

pose or design in common with the party, who without the effective consent of complainant, made entry into her car with the intent to commit theft and took her pink purse. There is no showing in the record that prior to the offense appellant acting with intent to promote or assist in the commission of the offense, solicited, encouraged, directed, aided or attempted to aid the principal in commission of the offense. Appellant's "flight" from the immediate scene and subsequent assistance in driving the principal out of the vicinity, if chargable at all, was "hindering apprehension or prosecution." TEX.PENAL CODE ANN. § 38.05 (Vernon 1974). I would therefore hold that the evidence was insufficient to show appellant was a party to the offense of burglary. *See Strelec v. State,* 662 S.W.2d 617, 619–20 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). I would uphold the points of error.

According, I respectfully dissent. I would reverse the judgment of conviction and remand this cause to the trial court for the entry of a judgment of acquittal.