Bobby **MARKHAM**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 947–86.

Court of Criminal Appeals of Texas, En Banc.

June 1, 1988.

Richard E. Langlois (Court–appointed on appeal), San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., and Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of the offense of burglary of a vehicle. V.T.C.A. Penal Code, Sec. 30.04. The jury assessed punishment, enhanced by a prior conviction, at fifteen years imprisonment in the Texas Department of Corrections and a $10,000 fine. The Court of Appeals reversed appellant's conviction based upon insufficiency of the evidence and ordered the trial court to enter a judgment of acquittal. *Markham v. State*, 714 S.W.2d 93 (Tex.App.—San Antonio 1986). In its petition for discretionary review, the State contends the Court of Appeals erroneously relied upon the "close juxtaposition" rule and failed to apply the law of parties to the facts in this case in determining that the

evidence was insufficient to support the conviction. In a supplemental petition for discretionary review,[1] the State also contends that the Court of Appeals' holding in the instant case, *Markham*, supra, is in conflict with that same court's holding in the companion case of *Phelps v. State*, 730 S.W.2d 198 (Tex.App.—San Antonio 1987, no pet.). We granted the State's petitions to resolve the conflict created by the San Antonio Court of Appeals.

According to the Court of Appeals, the issue in *Markham*, supra, was "whether the close juxtaposition of the facts in this case permit an inference of possession by appellant of the [item stolen from the vehicle]." The court applied the close juxtaposition rule to this cause because appellant and his two co-defendants were found and arrested near recently stolen property but were not in actual possession of the property. The Court of Appeals cited several cases in support of application of this rule to the present cause. See *Markham*, supra at 95–96. We have reviewed these cases, and we agree with the State that the Court of Appeals erroneously relied upon this rule in determining the sufficiency of the evidence. We also agree with the State that the court failed to adequately apply the law of parties to the facts of this case. We, therefore, will remand this cause to the Court of Appeals for a determination of the sufficiency of the evidence under the proper legal standard.

 The cases cited by the Court of Appeals[2] indicate that the close juxtaposition doctrine was utilized by this Court to determine when a charge on circumstantial evidence was required. See also *Rodriguez v. State*, 617 S.W.2d 693 (Tex.Cr.App.1981), and cases cited therein. When the facts proven at trial were of such "close juxtaposition" to the ultimate fact to be proved,

**1.** The State's petition for discretionary review was filed August 25, 1986. The *Phelps* decision, discussed infra, was rendered on May 13, 1987. We granted the State permission to file this supplemental petition subsequent to the *Phelps* decision.

**2.** The Court of Appeals cited *Riggins v. State*, 468 S.W.2d 841 (Tex.Cr.App.1971); *Hunt v.*

*State*, 625 S.W.2d 405 (Tex.App.—San Antonio 1981, pet. ref'd.); *Grinage v. State*, 634 S.W.2d 863 (Tex.App.—San Antonio 1982, pet. ref'd.); *Hankins v. State*, 646 S.W.2d 191 (Tex.Cr.App. 1981); *Cooper v. State*, 509 S.W.2d 865 (Tex.Cr. App.1974); and *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App.1974).

the facts were the equivalent of direct evidence and a charge on circumstantial evidence was not required. *LeDuc v. State*, 593 S.W.2d 678 (Tex.Cr.App.1979); *Rodriguez*, supra. This doctrine has not been applied by this Court, however, since our holding in *Hankins v. State*, 646 S.W.2d 191 (Tex.Cr.App.1981) (Opinion on rehearing). We held in *Hankins*, supra at 199, that there is but one standard of proof for criminal convictions and where the jury is properly instructed on that standard, a charge on circumstantial evidence is valueless and invites confusion. The close juxtaposition rule the wrong legal standard by which to judge sufficiency of the evidence. We hold that the Court of Appeals erred in this cause in applying the close juxtaposition rule.

■ The State also urges that the Court of Appeals in *Markham*, supra, erred in failing to consider the law of parties when addressing appellant's challenge to the sufficiency of the evidence and that the Court of Appeals' holding in *Markham*, supra, is in direct conflict with their subsequent holding in *Phelps*, supra, the companion case to this case involving one of appellant's co-defendants. We agree with the State for the reasons stated in the majority opinion in *Phelps*, supra.

In *Phelps*, supra, the court used the proper legal standard in reviewing the sufficiency of the evidence and affirmed the co-defendant's conviction. Justice Butts, who dissented in *Markham*, supra, authored the majority opinion in *Phelps*, supra. The Court of Appeals found the evidence, albeit circumstantial, sufficient to sustain the co-defendant's conviction pursu-

ant to the standard in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which is the proper standard for review of both direct and circumstantial evidence. See *Beardsley v. State*, 738 S.W. 2d 681 (Tex.Cr.App.1987), and cases cited therein.

The majority in *Phelps*, supra, also stated that the *Markham* decision was not dispositive of the case because the majority in *Markham*, supra, failed to consider the application of the law of parties to the facts of the case, even though the jury was instructed by the trial judge on the law of parties. In reviewing the sufficiency of the evidence in the *Phelps* opinion, Justice Butts pointed out that the jury had been instructed on the law of parties. The majority overruled Phelps' sufficiency challenges and held that a rational trier of fact could find, and did find, the essential elements of the offense beyond a reasonable doubt and that Phelps was guilty as a party to the offense. *Phelps*, supra at 200.

Having found merit in both of the State's contentions, we accordingly reverse the judgment of the Court of Appeals and remand this case to the Court of Appeals to address appellant's sole point of error, the sufficiency of the evidence, in a manner not inconsistent with this opinion.