James Edward WILKERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–01105–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 24, 1994.

Tony Aninao, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before MURPHY, ELLIS and JUNELL,* JJ.

## OPINION

ELLIS, Justice.

Appellant, James Earl Wilkerson, appeals his judgment of conviction for burglary of a building. *See* TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). The jury rejected his plea of not guilty and the court, after finding two enhancement paragraphs of the indictment to be true, assessed punishment at thirty (30) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Shortly after 11:00 p.m. on October 22, 1991, an unidentified citizen approached Officer D.L. Rogers ("Rogers") at a corner gas station and told him that someone was breaking into a store about 5 blocks away. Rogers immediately drove to the scene with his canine partner, followed by Officers Lewis ("Lewis") and Koonce ("Koonce"), who were also at the gas station. Upon arriving, Rogers noticed that a window and burglar bars had been removed from the front of the store, and saw a car pulling out of the store parking lot. Rogers remained at the scene and instructed Lewis and Koonce to follow the car. Inside the store, Rogers found a footprint on the counter below the window and another on the floor below the counter. When the store owner arrived, he noticed that the only missing items were several cartons of cigarettes.

* Justice Junell sitting by appointment of the Texas Supreme Court.

Meanwhile, Koonce and Lewis gave chase to the car leaving the store parking lot. When Koonce turned on his emergency lights, the car immediately increased its speed. There were two men in the front seat and a third man in the rear seat. After fleeing approximately one-half mile, the man in the rear seat climbed into the front, exited the passenger door and fled on foot into the woods, followed by Koonce. The car then came to a sudden stop and the remaining two men exited the car, as if attempting to flee. Lewis drew her gun and yelled for them to stop. The two men were arrested but the one on foot was able to escape.

Appellant was identified by Lewis as the driver of the fleeing car. Several cartons of cigarettes were found inside the car, and the passenger's shoe matched the footprints inside the store. Appellant was charged with burglary of a building under the theory of parties. *See* Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974).

Appellant asserts five points of error. First, the evidence was insufficient to support the conviction as a matter of law where the State failed to produce any evidence that appellant was guilty as a principal and was one of the persons who actually entered the building that was burglarized. Second, the evidence was insufficient to support the conviction where the State's evidence failed to show that appellant was a party to the offense, i.e., that appellant had the intent to promote or assist in the commission of the offense. Third, the evidence was insufficient to support the conviction where the State's evidence failed to show that appellant was a party to the offense, i.e., that appellant did an act which solicited, encouraged, directed, aided, or attempted to aid any other person in the commission of the offense. Fourth, appellant's rights to due process were violated when the evidence adduced by the State failed to conform to the proof which the prosecutor promised in his opening statement to the jury. Fifth, the trial court committed reversible error in admitting evidence of an extraneous offense of evading arrest.

■ In his first point of error, appellant contends that there was insufficient evidence to convict him of burglary because there was no evidence to show that he actually entered the burglarized store. However, appellant was convicted under the statute of parties which reads in pertinent part:

(a) A person is criminally responsible for an offense committed by the conduct of another if:

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974).

■ Under the theory of parties, a person can be guilty of burglary even though he did not personally enter the burglarized premises if he is acting together with another in the commission of the offense. *Clark v. State,* 543 S.W.2d 125, 127 (Tex.Crim.App.1976). Thus, as long as appellant was acting together with another in the commission of the burglary, the State did not have to prove that appellant actually entered the burglarized store. The evidence in this case indicates cooperation among the participants to commit the burglary. For example, the shoe of the passenger in appellant's car matched the footprints inside the burglarized store. The only items stolen from the store—cigarettes—were found in the back seat of appellant's car. Appellant was seen driving the car away from the scene of the crime. Furthermore, when Koonce turned on his emergency lights, appellant increased the speed of the car. Finally, when appellant stopped, he and the passenger jumped out of the car as if to flee, after the third participant had already fled. This is sufficient evidence that appellant participated as the driver of the "get away" car for the common purpose of burglarizing the store. We hold that there was sufficient evidence that appellant was acting with another in the commission of the burglary and therefore, it was not necessary for the State to prove that appellant actually entered the store. Appellant's first point of error is overruled.

■ In his second and third points of error, appellant complains that there was insufficient evidence to establish his guilt

**130**

under § 7.02(a)(2). When reviewing the sufficiency of the evidence, we must look at all of the evidence in the light most favorable to the verdict or judgment. *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim.App.1993); *Houston v. State,* 663 S.W.2d 455, 456 (Tex. Crim.App.1984). In doing so, we are to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Ransom v. State,* 789 S.W.2d 572, 577 (Tex. Crim.App.1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). This standard applies to both direct and circumstantial evidence cases. *Chambers v. State,* 711 S.W.2d 240, 245 (Tex.Crim.App.1986).

■ Furthermore, circumstantial evidence may be sufficient to show that one is a party to an offense. *Beardsley v. State,* 738 S.W.2d 681, 684 (Tex.Crim.App.1987). Although mere presence at the scene of an offense alone is not sufficient to support a conviction, it is a circumstance tending to prove guilt which may be combined with other facts to show that appellant was a participant. *Id.* at 685. Other facts the court may consider are those that occurred before, during, and after the commission of the offense, *id.* at 684, and actions of the defendant which show an understanding and common design to commit the offense. *Burdine v. State,* 719 S.W.2d 309, 315 (Tex.Crim. App.1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). This evidence must show that at the time of the offense, the parties were acting together, each contributing some part toward the execution of their common purpose. *Id.* Based on the evidence outlined under point of error one, we hold that there is sufficient evidence to show that appellant intended to promote or assist in the burglary and that he solicited, encouraged, directed, aided, or attempted to aid other persons in the burglary through his role as the driver of the "get away" car. Appellant's second and third points of error are overruled.

■ Appellant asserts in his fourth point of error that his rights to due process were violated when the evidence adduced by the State failed to conform to the proof which the prosecutor promised in his opening statement to the jury. Specifically, appellant complains of the following remarks by the prosecutor in his opening statement:

Officer Lewis further is going to tell you that she returned to the scene where Officer Rogers had stationed himself and they all went inside and took an inventory of what had happened. She saw what looked like fresh footprints. She's going to tell you that she retrieved one shoe from both of the defendants, compared the shoe prints that were left on the floor with the shoe print of the—the shoe pattern that was on the feet of James Wilkerson, and that they matched.

However, Lewis actually testified that the shoe print matched the shoe of the passenger, not of appellant. Appellant did not object at trial to these statements by the prosecutor. The prosecutor later apologized in his closing statement for misstating the evidence:

Now, ladies and gentlemen, I apologize. As long as I've had this case and as much as I've been over the evidence, I mistakenly told you "James Wilkerson" when I meant to tell you the other name—not this defendant, but the passenger—on my opening statement whose shoe print it was inside the building.

Appellant relies on *United States v. Murrah,* 888 F.2d 24 (5th Cir.1989) in support of this point of error, contending that the facts of the cases are analogous. However, the facts of *Murrah* are strikingly different from the facts in the case at bar. In *Murrah,* the prosecutor in an arson case promised in his opening statement that he would produce a witness who would testify that the defendant had asked him to torch his business and then threatened to kill him after he refused to do so. No such witness was called at trial. *Id.* at 25. During defense counsel's closing argument, he reminded the jury of the government's promise and pointed out to them that the witness had never been called to testify. In rebuttal, the prosecutor responded that, after hearing all of the witnesses testify, he made the decision that calling the promised witness would have been cumulative. *Id.* at

26. The Fifth Circuit held that the remarks of the prosecutor were improper, explaining that the prosecutor may not directly refer to or allude to evidence that was not adduced at trial. *Id.* Furthermore, a prosecutor may not suggest that other supportive evidence exists which the government chose not to develop. *Id.* In other words, the basis of the court's opinion was that the prosecutor assured the jury in closing argument, *after the evidence was not produced,* that the government indeed possessed the evidence but chose not to use it as a part of trial strategy. *Id.* at 27.

■ In the present case, however, the prosecutor made a mistake in his opening statement and acknowledged that mistake in his closing argument. He did not give the jury the impression that what he said in his opening statement was true, as did the prosecutor in *Murrah.* Furthermore, appellant did not object to the statement at the time it was made thus, nothing is preserved for review. *Brown v. State,* 756 S.W.2d 793, 796 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Finally, a preliminary statement of what the State expects to be proved is proper, even if the State does not introduce any supporting evidence. *Id.* (citing Tex.Code Crim.Proc.Ann. art. 36.01(a)(3) (Vernon 1988)); *Marini v. State,* 593 S.W.2d 709, 715 (Tex.Crim.App.1980). Appellant's fourth point of error is overruled.

■ In appellant's fifth point of error he complains that the trial court erred in admitting evidence of an extraneous offense of evading arrest. Specifically, appellant complains of Officer Lewis' testimony during direct examination:

Q. Did James Wilkerson, the driver, ever attempt to flee the scene?

A. It appeared, in my opinion, that they were both, you know, fixing to leave the scene until I hollered at them to stop.

Appellant also complains of Lewis' testimony that the car appellant was driving "sped up" when Koonce turned on his emergency lights. Appellant did not object to either statements made by Lewis, but contends that this evidence was inadmissible as another crime, wrong, or act under Tex.R.Crim.Evid. 404(b).

First of all, "evidence of extraneous offenses that are indivisibly connected to the charged offense and necessary to the State's case in proving the charged offense may be admissible as relevant evidence to explain the context of the offense for which the defendant is on trial." *Lockhart v. State,* 847 S.W.2d 568, 571 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 146, 126 L.Ed.2d 108 (1993). In *Lockhart,* the appellant was convicted of capital murder. At trial, the State introduced testimonial and physical evidence that the appellant had attempted a drug offense, stolen a car, stolen a license plate, stolen a gun, and robbed a bank. The State explained that the evidence showed what the appellant possessed at the time he killed the officer. *Id.* at 570. The Texas Court of Criminal Appeals upheld the admission of the evidence. *Id.* at 571. Thus, because crimes do not occur in a vacuum, the State is entitled to prove the circumstances surrounding an arrest even though they may seem like irrelevant details. *Humber v. State,* 624 S.W.2d 814, 816 (Tex.App.—Houston [14th Dist.] 1981, no pet.). Appellant's attempt to flee was indivisibly connected to proving that he was guilty of burglary as a party and therefore, the evidence was necessary to the State's case.

■ Even if it was error to admit the evidence, appellant did not object at trial. Failure to object in a timely and specific manner during trial will waive error in the admission of evidence. *Boyington v. State,* 787 S.W.2d 469, 470–71 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd) (citing *Little v. State,* 758 S.W.2d 551, 563 (Tex.Crim.App.), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988)). Appellant's fifth point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.