Affirmed and Memorandum Opinion filed December 23, 2008








 

Affirmed
and Memorandum Opinion filed December 23, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00027-CR

____________

 

RODNEY STEVEN RYAN, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

 

 



 

On Appeal from the
232nd District Court

Harris County,
Texas

Trial Court Cause
no. 1109793

 



 

M E M O R
A N D U M   O P I N I O N

Following
a jury trial, appellant, Rodney Steven Ryan, was convicted of the felony
offense of burglary of a habitation.  See Tex. Penal Code Ann. ' 30.02 (Vernon 2003).  The trial
judge sentenced appellant to confinement for twelve years.  In one issue,
appellant contends the evidence presented at trial is legally insufficient to
support his conviction.  We affirm the judgment.   








BACKGROUND

At
trial, the jury heard testimony from two witnesses: the complainant, Harris
Gallego, and his neighbor, Ronnie Thomas.  Their testimony, which we view in
the light most favorable to the jury=s verdict,[1]
may be fairly summarized as follows:

On March
26, 2007, Thomas saw a black male on the porch of his neighbor, Gallego, a
landscaper who was cutting lawns in the neighborhood.  Residents of the
neighborhood had experienced a rash of recent break-ins and, because Thomas had
known Gallego to associate with only Hispanic individuals, he considered the
situation suspicious.  He notified Gallego, who returned to his house to
investigate.  Upon arrival, Gallego saw appellant on his property behind the
house.  He also observed an unidentified woman inside his house; neither the
woman nor appellant had permission to be on his property, much less inside his
house.  

Apparently
realizing she had been discovered, the woman appeared to shout something to the
appellant.  Both fled to a fence that borders appellant=s property, which abuts a motel
parking lot.  While they ran, Gallego heard them continue to communicate.  He
likewise ran to the fence and peered over, where he spied two more men standing
on the motel=s side of the fence.  Next to the men was a stack of Gallego=s property that had been piled in the
motel parking lot.  The two men were waiting to assist the woman, who was
unable to climb the fence on her own.  On Gallego=s side of the fence, then, appellant
assisted the woman over the fence and then scaled it himself.  The four
persons, who continued to communicate with each other, then ran to the motel
where they moved between rooms and changed clothes.








The
police apprehended appellant, who was not found to be in possession of Gallego=s property.  The police also returned
Gallego=s property that had been stacked in
the motel parking lot.  When Gallego returned to his house, he discovered more
of his property that had been piled in the living room, presumably to be
removed from the house.

Appellant pleaded Anot guilty@ to the indicted charge of burglary
of a habitation with the intent to commit theft.  The jury was instructed that
it could find appellant criminally responsible under the Alaw of parties@:

All persons are parties to an offense who are guilty
of acting together in the commission of the offense.  A person is criminally
responsible as a party to an offense if the offense is committed by his own
conduct, by the conduct of another for which he is criminally responsible, or
by both.

A person is criminally responsible for an offense
committed by the conduct of another if, acting with intent to promote or assist
the commission of the offense, he solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense.  Mere presence alone
will not constitute one a party to an offense.

 

The jury found appellant
guilty as charged in the indictment, and the trial court sentenced appellant to
confinement for twelve years.  This appeal followed.  Appellant contends the evidence
is legally insufficient to support the judgment of conviction. 

                                                       STANDARD
OF REVIEW

In a
legal-sufficiency review, we view all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Clayton v. State, 235 S.W.3d
772, 778 (Tex. Crim. App. 2007).  We may not re-evaluate the weight and
credibility of the evidence but, instead, only ensure the jury reached a
rational decision.  See Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim.
App. 1993); Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).








The jury
is the sole judge of the credibility of the witnesses, and may freely believe
or disbelieve all or part of a witness=s testimony.  See Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  To the extent the record presents
conflicting evidence or inferences, we presume the fact-finder resolved the
conflicts in favor of the verdict, and we therefore defer to that
determination.  See Jackson, 443 U.S. at 326; Clayton, 235 S.W.3d
at 778.  We treat direct and circumstantial evidence equally: ACircumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.@  Clayton, 235 S.W.3d at 778
(quoting Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

                                                                    ANALYSIS

Appellant
observes that the record is devoid of any evidence that he entered the habitation. 
However, the charge authorized the jury to find appellant guilty as either a
principal or a party to the offense.  See Tex. Penal Code '' 7.01(a), 7.02(a)(2) (Vernon 2003). 
Therefore, if there is legally sufficient evidence that appellant acted as
either a principal or party to the offense, we will uphold the jury=s verdict.  See Rabbani v. State,
847 S.W.2d 555, 558 (Tex. Crim. App. 1992) (AThe principle is well-established
that when the jury returns a general verdict and the evidence is sufficient to
support a guilty finding under any of the allegations submitted, the verdict
will be upheld.@).








Under
the Alaw of parties,@ a person can be guilty of burglary
if he acts together with another in the commission of the offense, even though
he does not personally enter the burglarized premises.  Wilkerson v. State,
874 S.W.2d 127, 129 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d) (citing Clark v. State, 543
S.W.2d 125, 127 (Tex. Crim. App. 1976)).  Therefore, if appellant acted
together with another in the commission of the burglary, the State need not
prove that he actually entered Gallego=s house.  See Wilkerson, 874
S.W.2d at 129.  When, as here, the defendant is not the Aprimary actor,@ the State must prove (1) conduct
constituting an offense, and (2) an act by the defendant that was done with the
intent to promote or assist such conduct.  Christensen v. State, 240
S.W.3d 25, 31 (Tex. App.CHouston [1st Dist.] 2007, pet. ref=d).

A.        Conduct Constituting an
Offense

To
establish that a burglary was committed, the State had to prove (1) entry into
a habitation, (2) without the owner=s effective consent, and (3) with the
intent to commit a theft.  See Tex. Penal Code Ann. ' 30.02(a)(1); Draper v. State,
681 S.W.2d 175, 177 (Tex. App.CHouston [14th Dist.] 1984, pet. ref=d).  Appellant does not challenge the
first two elements and, in fact, the State offered direct testimony that
appellant=s female companion entered the house without Gallego=s consent or permission.  Instead,
appellant contends that, because no stolen property was recovered from
appellant or the female, the State did not establish the intent to commit
theft.  We disagree.








It is
well-settled that actual accomplishment of theft is not a prerequisite
to the commission of burglary.  See Autry v. State, 626 S.W.2d 758, 762
(Tex. Crim. App. 1982); Phillips v. State, 538 S.W.2d 116, 117 (Tex.
Crim. App. 1976).  Instead, the State must prove only an intent to
commit theft, not that property was actually appropriated or found in the
possession of the accused.  See Cumpian v. State, 812 S.W.2d 88, 90
(Tex. App.CSan Antonio 1991, no pet.); Reyes v. State, 628 S.W.2d 238, 239
(Tex. App.CSan Antonio 1982, no pet.); Tex. Penal Code Ann. ' 30.02(a)(1).[2] 
The intent to commit theft may be inferred from the circumstances of the
intrusion.  Mauldin v. State, 628 S.W.2d 793, 795 (Tex. Crim. App.
1982); McGee v. State, 923 S.W.2d 605, 608 (Tex. App.CHouston [1st Dist.] 1995, no pet.). 
A jury=s finding of intent to commit theft
will not be disturbed on appeal in the absence of testimony that the entry was
made with a different intent.  See Stearn v. State, 571 S.W.2d 177, 178
(Tex. Crim. App. 1978).

The jury
may infer an intent to commit theft from a mere disturbance of items inside the
burglarized residence.  See id. at 177B78 (finding intent to commit theft
when defendant was discovered in kitchen, even though nothing had been
disturbed); McGee, 923 S.W.2d at 608 (inferring intent from removal of
mounted air-conditioning units); Armstrong v. State, 781 S.W.2d 937, 939
(Tex. App.CDallas 1989), aff=d, 805 S.W.2d 791 (Tex. Crim. App. 1991) (shuffling of
papers);  White v. State, 630 S.W.2d 340, 342 (Tex. App.CHouston [1st Dist.] 1982, no pet.)
(movement of welding equipment from back of garage to front).  The State
offered proof that Gallego=s property was removed from the house and that his tools,
VCRs, and other property likewise had been stacked in the living room Alike they [were] ready to take that
out from the house.@  See also, e.g., Young v. State, No. 05-05-01607-CR,
2006 WL 2615174, at *5 (Tex. App.CDallas Sept. 13, 2006, no pet.) (mem.
op., not designated for publication) (inferring intent from complainant=s testimony that Aitems had been removed from boxes and
piled up as if to be carried out@).

We hold
a rational trier of fact could have found beyond a reasonable doubt that
appellant=s female companion, with the intent to commit theft, entered Gallego=s house without his consent. 
Therefore, we must determine the existence of legally sufficient evidence that
appellant, acting with the intent to promote or assist the commission of the
burglary, solicited, encouraged, directed, aided, or attempted to aid the
female in committing burglary.  See Tex. Penal Code Ann. ' 7.02(a)(2); Christensen, 240
S.W.3d at 31.

B.        Defendant=s Action to Promote or Assist in
Commission of Burglary








Appellant
asserts that his mere presence at the scene of the burglary is not, by itself,
sufficient to support a conviction.  See Wilkerson, 874 S.W.2d at 130. 
However, his presence at the scene of an offense is a circumstance tending to
prove guilt which may be combined with other facts to show that he was a
participant.  See id.; Phelps v. State, 730 S.W.2d 198, 200 (Tex.
App.CSan Antonio 1987, no pet.). 
Participation in a criminal enterprise may be inferred from circumstantial
evidence.  See Phelps, 730 S.W.2d at 200; Draper, 681 S.W.2d at
178.  In deciding whether appellant participated as a party to the burglary, we
may consider events that occurred before, during, and after the commission of
the offense, as well as actions of the defendant which show an understanding
and common design to commit the offense.  See Wilkerson, 874 S.W.2d at
130; Phelps, 730 S.W.2d at 200 (citing Medellin v. State, 617
S.W.2d 229, 231 (Tex. Crim. App. 1981)).  This evidence must show that, at the
time of the offense, the parties were acting together, with each contributing
some part toward the execution of their common purpose.  See Wilkerson,
874 S.W.2d at 130.

Appellant
argues the only evidence of his involvement consists of conflicting testimony
suggesting he helped the female to escape by climbing the fence.[3] 
He further contends the State did not prove he participated in the burglary
itself and that, at most, the evidence reveals him to be a mere trespasser on
Gallego=s property.  Thus, he suggests this
case resembles Strelec v. State, which we find to be factually
distinguishable.

In Strelec, the appellant was
convicted as a party to the offense of burglary.  662 S.W.2d 617, 619 (Tex.
App.CHouston [14th Dist.] 1983, pet. ref=d).  However, he presented a
reasonable hypothesis for his presence near the scene of the offense, and for
his association with the principal actor.  See id. at 619.  This court
summarized his involvement as follows:








[A]ppellant was present near the scene of the offense;
he left the scene; he lied to Reverend Kuneman and Officer Lewman about being
alone; he gave Lewman a false name; and he tossed [the principal] the truck
keys.  There is no showing that appellant had any purpose or design in common
with [the principal] to enter the Hockensmith house with the intent to commit
theft.

 

Id.  Unlike in Strelec,
appellant did not testify and did not present a reasonable hypothesis other
than his guilt as a party to the offense.  See Phelps, 730 S.W.2d at
200.

Instead,
the jury was presented with circumstantial evidence linking appellant to the
burglary.  While the principal actor (i.e., the woman) was inside
Gallego=s house, appellant was in the back
yard, inside the fence that bordered the motel property.  Gallego
surmisedCwithout objectionCthat appellant=s role in the offense was to receive
stolen property from inside Gallego=s house and then convey the goods
over the fence to those waiting on the motel side.  In fact, several items
belonging to Gallego had been removed from his house and were stacked on the
other side of the fence, within two yards of two males who were associated with
appellant and the principal actor.  Additional property had been piled inside
Gallego=s house, apparently ready to be
removed, as well.  Inasmuch as the jury heard evidence that the woman needed
help to climb the fence, a rational trier of fact could have concluded that
appellant assisted in the commission of the burglary by transporting property
from inside the house to the fence, and then over to the two males on the motel
side of the property.  When the woman was discovered, she ran to the fence while
communicating with appellant.  Appellant fled as well, accompanying the
principal actor and the other two males to the motel, where all proceeded to
move between rooms and change clothes.  Cf. Strelec, 662 S.W.2d at 618
(observing that defendant was leaving in opposite direction from
burglar). Although flight, by itself, will not support a Aguilty@ verdict, evidence of flight from the
scene of a crime is a circumstance from which the jury may infer guilt.  Phelps,
730 S.W.2d at 200 (citing Valdez v. State, 623 S.W.2d 317, 321 (Tex.
Crim. App. 1979)).  In light of these facts and the absence of a reasonable
hypothesis other than appellant=s guilt, we hold that a jury could, and did, find the
essential elements of the crime beyond a reasonable doubt and that appellant
acted with the others, according to a common purpose, as a party to the
offense.  See Phelps, 730 S.W.2d at 200.








Therefore,
we overrule appellant=s only issue.

                                                                CONCLUSION

We find
no error in the appellate record.  We therefore affirm the judgment of
conviction.

 

 

/s/      J. Harvey Hudson

Senior Justice

 

 

Judgment Rendered and Memorandum
Opinion filed December 23, 2008.

Panel consists of Justices Anderson
and Frost, and Senior Justice Hudson.*

Do Not Publish.  Tex. R. App. P.
47.2(b).









            [1]  See Jackson
v. Virginia, 443 U.S. 307, 319 (1979).





            [2]  See also
Richardson v. State, 888 S.W.2d 822, 824 (Tex. Crim. App. 1994) (AWhen a burglary is committed, the harm results from
the entry itself, because the intrusion violates the occupant=s reasonable expectation of privacy.  Indeed, once
unlawful entry is made, the crime is complete, regardless of whether the
intended theft or felony is actually completed.@).





            [3] Appellant
contends Gallego contradicted himself as to who assisted the female over
the fence.  We disagree.  Gallego testified that the woman was assisted both by
appellant, on Gallego=s side of the fence, and the other two males, on the
motel side.  Even were we to recognize a conflict, we must presume the jury
resolved testimonial conflicts in the State=s
favor, and we will defer to that determination.  See Jackson, 443 U.S.
at 326; Clayton, 235 S.W.3d at 778.





            * 
Senior Justice J. Harvey Hudson sitting by assignment.