Anthony Lewis BENOIT, Appellant,

v.

The STATE of Texas, Appellee.

No. 09-85-103 CR.

Court of Appeals of Texas,
Beaumont.

Feb. 26, 1986.

Gaylyn Leon Cooper, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

The indictment against the Appellant set forth that, on September 8, 1984, he intentionally and knowingly appropriated property by exercising control over corporeal personal property, being a wallet and its contents, owned by Leon Okervall (stealing the wallet from the person of Leon), without his effective consent.

The first enhancement paragraph alleged that, on August 18, 1972, Benoit had been finally convicted of assault with intent to rob. A second enhancement paragraph set forth that Benoit was finally convicted, on April 6, 1978, of the felony of robbery.

The able and conscientious attorney on appeal for the Appellant has certified that he has diligently searched the complete record in this cause and has diligently searched the law applicable to the facts and issues in this appeal. The certificate of counsel affirmatively states that it is his professional evaluation that no reversible error is reflected by the record. Next, he states that the appeal, in his opinion, is without merit and frivolous, citing *High v. State*, 573 S.W.2d 807 (Tex.Crim.App.1978); *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim. App.1969).

Complying with the correct, applicable law concerning appeals of this type, certain points or grounds are set forth as being arguably in support of Appellant's relief. The brief filed by the attorney for Appellant points out that there was a Motion to Suppress concerning any oral or written confessions of the accused. The brief points out that, although the motion was not ruled on, no harm resulted because of the fact that no confession, either oral or written, was ever proffered or admitted into evidence.

There was a Motion to Quash the Indictment, alleging that the indictment failed to apprise the Appellant of the nature of the crime against him. This motion was not ruled on. Counsel forthrightly states that, after examination of the indictment, statutes and the case law, his professional opinion is that the indictment meets the requirements of the statutory law and the decisional precedents.

There was yet another Motion to Quash contending that the Appellant did not have proper notice of whether the crime, as charged, was a misdemeanor or a felony and that the property was not properly described and that no amount, as to the

value of the property taken, was set forth in the indictment. This instant motion was presented to the court and denied by the court. Counsel thinks the court acted properly and correctly. He states: "In my professional opinion the indictment is sufficient on its face according to the law and the cases." This was a theft from the person, the wallet and contents having been stolen from the hip pocket of complainant.

Lastly, there was filed a Motion in Limine which was not ruled on by the court. Counsel has concluded that no harm was presented because of the well known concept that trial counsel continues to have the right to object as to any matters that are inadmissible during the entire trial.

The next portion of the competent Appellant's counsel's brief sets out the evidence in detail with accurate and correct references to the transcriptions of the reporter's notes. This is followed by a careful review of several objections made to the testimony at the trial. Again, the Appellant's counsel's brief finds no prejudice or error. Some of the objections had to do with leading questions. It should be pointed out that one of the complaining witnesses, Levi Okervall, was of advanced age, being 84 years old. Hence, the court had some discretion in allowing leading questions. Later, the court did properly sustain objections to hearsay testimony.

It is true that certain evidence, concerning the "res gestae" of the crime, was admitted. The res gestae nature of the testimony offered permitted the court to allow that testimony into evidence. In summary, the brief tracks, in careful detail, the salient issues and controversies that took place at trial.

The Appellant pleaded "True" to the two additional enhancement paragraphs which, as set out above, described two prior, consecutive, final felony convictions.

## THE PRO SE BRIEF OF ANTHONY LEWIS BENOIT

It should be remembered that the attorney on appeal caused a copy of his brief to be delivered to Benoit. He also informed Benoit of his right to examine the entire record for the purposes of preparing a pro se brief. The pro se brief alleges three grounds of error, being:

1. "The evidence was insufficient to support a conviction as alleged in the indictment.

2. "The trial court erred when denying Appellant's timely presented motion for an instructed verdict.

3. "Counsel for Appellant rendered ineffective assistance."

The Appellant, Benoit, admits that he pleaded "True" to the two enhancement paragraphs of the indictment and the record fully confirms this fact. The jury assessed punishment at confinement for life.

We have carefully read and reviewed the entire record and especially the Statement of Facts, being approximately 96 pages long and concluding with 8 State's exhibits. After reviewing the testimonies of Levi Okervall, the complainant; Officer Kenneth Brown, the arresting officer; Gerald Okervall, the son of the complainant, and Bill Spencer, a citizen witness, we conclude that the evidence is amply sufficient to support the conviction of Appellant as alleged in the indictment. By similar reasoning, we decide the trial court did not err by denying the Appellant's Motion for Instructed Verdict. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Crim.App.1983, Opinion on Rehearing); *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

We have, a second time, gone through the entire record and the Statement of Facts and we determine that there is no merit in the Appellant's contention that he received ineffective assistance of counsel at trial. Reviewing the entire record and the totality of the circumstances surrounding the trial, we decide that Appellant received effective assistance of counsel under the appropriate standard of appeal review. *Parker v. State*, 693 S.W.2d 640 (Tex.App.—Beaumont, 1985, no pet.).

Following *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Appellant must satisfy a two-

pronged test to obtain a reversal based upon alleged ineffective assistance of counsel. In brief summary, a convicted accused, arguing and contending ineffective assistance of counsel, must show not only that trial counsel was not functioning and performing as guaranteed by the Sixth Amendment to the United States Constitution (which requires reasonably effective assistance), but the convicted accused must also demonstrate that trial counsel's errors were so serious and grievous as to deprive the accused of a fair trial. The convicted accused must also set forth and illustrate that, but for the counsel's unprofessional errors, *the results of the trial would probably have been different.* Indeed, the convicted accused must make it fairly clear to the appellate court that a reasonable probability exists that the results of the trial would have been different but for the trial counsel's constitutionally impermissible, ineffective assistance. We have assidiously applied this basic two-pronged test. We overrule the last and third ground of error in the pro se brief. Therefore, we affirm the judgment and sentence.

AFFIRMED.