NUMBER 13-00-157-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JOHN H. THOMAS , Appellant,


v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 363rd District Court

of Dallas County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo 

Opinion by Justice Castillo


Appellant John Henry Thomas appeals his conviction by the trial court of theft of at least $1,500 but less than $20,000. See
Tex. Pen. Code Ann.§31.03 (Vernon Supp. 2001). The trial court sentenced Thomas to two years in prison, but probated
his sentence for a period of three years and placed him on community supervision. Thomas challenges the legal and factual
sufficiency of the evidence presented at trial. We affirm the judgment of the trial court.

Factual Summary

In August 1996, Thomas met complainant Jocelyn Kennedy and offered to repair her vehicle, which had recently been
involved in an accident. Thomas presented his business card and told Kennedy that he operated a body shop. That day,
Thomas obtained a rental car for Kennedy and she agreed to allow him to repair her car. She gave Thomas the keys and he
drove away in her car. Kennedy had appraised the damage to the car and received a check for $4,312.57 through Hanover
Insurance, who was responsible for the claim. Thomas tried to get $4000 more from Hanover Insurance to fix Kennedy's
car, but the insurance company reappraised the car and refused to approve the additional funds. Almost seven months after
he took her car, Thomas called and said he needed to buy parts to fix the car. Kennedy endorsed the check from Hanover
Insurance and gave it to Thomas. That day, Thomas told Kennedy that she would have her car in six hours. Thomas
cashed the check, but neither brought Kennedy the car nor performed any repairs. The address of the body shop on the
business card turned out to be Thomas's home. When Kennedy tried to reclaim her car from Thomas, he would not answer
the door and refused to turn over the car unless he received an additional four thousand dollars. When the police recovered
Kennedy's car, there was additional damage to the car, rendering it undriveable, and it had not been repaired. Appellant
was arrested shortly thereafter. Charges for theft by deception were filed against Thomas because he claimed to own a
body shop but did not. Thomas was not licensed to perform auto repair work in the city.

Thomas testified that he worked on Kennedy's car, "broke down" the car to make an estimate, and purchased parts. 
Thomas prepared a letter outlining his demands for payment after the indictment was filed. He admitted that the only labor
he performed on the vehicle was breaking it down to make an estimate. 

Issue Summary

Thomas claims three points of error. First, he argues that his refusal to release Kennedy's car, in lieu of payment for labor
already performed, was a valid exercise of his statutory right to a possessory lien on the property and could not be
considered unlawful appropriation of property, as a matter of law. Second, he argues that his conduct was justified because
he reasonably believed that his actions were authorized by law. Finally, he believes that the State's evidence was factually
insufficient to support his conviction.AnalysisThomas puts forth two arguments challenging the legal sufficiency and one argument challenging the factual
sufficiency of the evidence at trial. When we review the legal sufficiency of the evidence, we view all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Patrick v. State, 906 S.W.2d 481,
486 (Tex. Crim. App. 1995);Villarreal v. State, 865 S.W.2d 501, 503 (Tex. App.-Corpus Christi 1993, pet. ref'd). The
appellate court serves to ensure the rationality of the fact finder, but does not disregard, realign, or weigh the evidence. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). In circumstantial evidence cases, such as this one, it is not
necessary that every fact point directly and independently to the appellant's guilt. If the fact finder's conclusion is warranted
by the combined and cumulative force of all the incriminating circumstances, then the evidence is sufficient. Flores v.
State, 551 S.W.2d 364, 367 (Tex. Crim. App. 1977).

Thomas's first point of error is that his refusal to release the car until he received payment was a valid exercise of his right
to a possessory lien on the property, and could not be considered unlawful appropriation of property, as a matter of law. In
support of this position, Thomas cites Texas Property Code section 70.001(a), which provides that:

A worker in this state who by labor repairs an article, including a vehicle, motorboat, vessel, or outboard motor, may retain
possession of the article until:

(1) the amount due under the contract for the repairs is paid; or

(2) if no amount is specified by contract, the reasonable and usual compensation is paid.



Tex. Prop. Code Ann. §70.001(a) (Vernon Supp. 2001).

The State presented evidence indicating that there was no labor done on the car and, therefore, Thomas could not have a
valid possessory lien on the car. Thomas testified that he "broke down" the car to get an estimate of the damages, but did
not perform any repairs. We read section 70.001(a) to require repairs by a worker in order to establish a valid lien, and hold
that there was sufficient evidence for the fact finder to conclude that there were no repairs and no valid possessory lien on
the car. Tex. Prop. Code Ann. §70.001(a) (Vernon 1995). Point of error number one is overruled.

Thomas's second point of error is that his conduct was justified, as he reasonably believed his conduct to be authorized by
law and, therefore, the State failed to establish an essential element of the charged offense of theft. Section 9.21(a) of the
Texas Penal Code states that conduct is justified "if the actor reasonably believes the conduct is required or authorized by
law, by the judgment or order of a competent court or other governmental tribunal, or in the execution of the legal process." 
Tex. Pen. Code Ann. §9.21(a) (Vernon 1994). When a defendant raises a defense, the State bears the burden of persuasion
to disprove the defense beyond a reasonable doubt. See Tex. Pen. Code Ann. §2.03(d) (Vernon 1994). A judgment of
conviction in a trial before the court, therefore, is an implicit rejection of a defendant's defense. See Saxton v. State, 804
S.W.2d 910, 914 (Tex. Crim. App. 1991). The State produced evidence demonstrating that Thomas did not file for a lien
on Kennedy's vehicle until after he was indicted. The State also showed that Thomas did not own a body shop as he
claimed and was not licenced to do repair work in the city. We hold that a rational fact finder could have found the
essential elements of the crime beyond a reasonable doubt. Houston v. State, 663 S.W.2d 455, 456 (Tex. Crim. App.
1984). Point of error number two is overruled.

Thomas's third point of error is that the evidence was factually insufficient to support the trial court's finding of guilt. 
When we review the factual sufficiency of the evidence, we review the evidence in support of and contrary to the verdict to
determine whether the evidence is so weak that it renders the verdict clearly wrong and manifestly unjust or the verdict is
contrary to the great weight and preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
We must determine whether the State presented sufficient evidence to establish the required elements of theft. According to
Texas Penal Code section 31.03(a), "a person commits an offense [of theft] if he unlawfully appropriates property with
intent to deprive the owner of property." Tex. Pen. Code Ann. §31.03(a) (Vernon Supp. 2001). Section 31.01(4)(A)
defines "appropriate" to mean "to acquire or otherwise exercise control over property other than real property." Tex. Pen.
Code Ann. §31.01(4)(A) (Vernon Supp. 2001). "Appropriation of property is unlawful if it is without the owner's effective
consent." Tex. Pen. Code Ann. §31.03(b)(1) (Vernon Supp. 2001). Section 31.01(3)(A) states that consent is not effective
if it is "induced by deception or coercion." Tex. Pen. Code Ann. §31.03(a) (Vernon Supp. 2001). Section 31.01(1)(A)
defines deception as "creating or confirming by words or conduct a false impression of law or fact that is likely to affect the
judgment of another in the transaction, and that the actor does not believe to be true." Tex. Pen. Code Ann. §31.01(1)(A)
(Vernon Supp. 2001). 

The State demonstrated that Kennedy gave Thomas the car because he told her that he owned a body shop. Thomas neither
owned a body shop nor was licensed to repair cars in the city. We hold that there was sufficient evidence for the fact finder
to find that Thomas unlawfully appropriated Kennedy's car. Section 31.01(2)(A) defines deprive to mean "to withhold
property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of
the property is lost to the owner." Tex. Pen. Code Ann. §31.03(2)(A) (Vernon Supp. 2001). The State presented evidence
that Thomas kept Kennedy's car for seven months and returned it in an undriveable condition. There was evidence that
Kennedy lost a major portion of the enjoyment of her car. Thomas argues that providing Kennedy with a rental car
demonstrates that he lacked an intent to deprive Kennedy of her car. We find, however, that the evidence of Thomas's false
statements to Kennedy about his body shop and the fact that he was not licensed to perform repairs are sufficient to
demonstrate the required element of his intent to deprive Kennedy of her car. Accordingly, we hold that the State presented
evidence factually sufficient to establish the required elements of theft, and sufficient to support Thomas's conviction. 
Point of error number three is overruled. 

Disposition

Accordingly, the judgment of the trial court is AFFIRMED. 

ERRLINDA CASTILLO

Justice



Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 23rd day of August, 2001.