Opinion issued November 20, 2003





            



  






                                                       
    
In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01039-CR




ANTHONY CHARLES WEBB, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 923636




MEMORANDUM OPINION
          A jury found appellant, Anthony Charles Webb, guilty of intoxication
manslaughter and assessed punishment at 11 years’ confinement. See Tex. Pen.
Code Ann. § 49.08 (Vernon 2003). In two points of error, appellant contends that
(1) the evidence presented at trial was legally sufficient to support the jury verdict,
and (2) the evidence at trial was factually sufficient to support the jury verdict. We
affirm. 
Background
          Appellant moved in with Wendy Bartley and had been living with her for
approximately six weeks, when the two went out to celebrate Bartley’s 40th birthday. 
From approximately 11:00 a.m. to 2:00 a.m. the next morning, they went to various
bars and restaurants. They concluded their celebration at the Yorkshire Pub, which
they left at closing time. Appellant drove Bartley’s green Mustang because Bartley
told him that she was in no condition to drive. On the way home, near the
intersection of Little York and North Fry, the car went off the road while attempting
to negotiate a curve, hit a guardrail, slammed into an irrigation ditch, and struck a
double-barreled concrete culvert. Bartley died at the scene of the accident, and
appellant suffered various serious, but non-fatal, injuries and was in a coma for two
weeks.
Legal Sufficiency
          In his first point of error, appellant contends that the evidence presented at trial
was legally insufficient to support the jury verdict. In reviewing evidence for legal
sufficiency, we review the evidence in the light most favorable to the verdict.
Houston v. State, 663 S.W.2d 455, 456 (Tex. Crim. App. 1984). We must ask
whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Id. 
          The intoxication manslaughter statute provides, in pertinent part, that a person
commits an offense if the person (1) operates a motor vehicle in a public place, and
(2) is intoxicated and by reason of that intoxication causes the death of another by
accident or mistake. Tex. Pen. Code Ann. § 49.08 (emphasis added). 
          The State presented the testimony of Jonathan Bridges, an eyewitness who had
noticed the green Mustang when it turned at Little York and North Fry. He said that
he saw the car turn at the intersection, swerve into the on-coming lane, and drive off
at a high rate of speed. He guessed that the car was traveling about 80 m.p.h. The
Mustang caught Bridges’s attention because it was traveling very fast when it veered
into the other lane and Bridges did not think that it would make the upcoming curve
in the road. The car left Bridges’s sight, then Bridges turned north onto North Fry,
in the same direction in which he had seen the Mustang traveling. As he approached
the curve in the road, he saw the Mustang upside down on the side of the road. He
called emergency services and flagged down Rob Reddin, another motorist. Bridges
noticed extensive damage to the car. 
          The State also called on Rob Reddin, another motorist who stopped to help. 
He went to assist Bartley, but felt only a very faint pulse. He did not smell any vomit
on her. He heard appellant call out from the other side of the car and went to assist
him. Reddin noticed that appellant’s speech was slurred and smelled alcohol. When
asked by the State, Reddin said that he had had no trouble negotiating the curve near
the accident scene. 
          The State’s accident investigator, Deputy Richard Lennox, testified about the
accident. He stated that he saw no evidence of braking on the roadway. He testified
that, once the right tires left the road, the car traveled for 120 feet before the left tires
went onto the grass. At this point, he stated, the car traveled for another 230 feet
before it hit the guardrail. From the evidence, he concluded that the car flipped
sideways down the ditch, hit the concrete culvert, and landed upside down on the
north side of the culvert. 
          Tests performed at the hospital showed that appellant’s blood-alcohol
concentration (“BAC”) was .31.


 He also tested positive for marihuana and admitted
that he had used marihuana that day. Dr. Brijesh Gill, testifying for the State, stated
that alcohol and marihuana can affect a person’s motor functions. He also testified
that alcohol and marihuana can work together to affect motor skills and to slow down
a person’s reactions to driving situations. 
          Appellant does not argue that he was not intoxicated. Instead, he argues that
his intoxication did not cause the accident. They jury was properly charged on the
law of causation. Section 6.04 of the Texas Penal Code provides that, “[a] person is
criminally responsible if the result would not have occurred but for his conduct,
operating either alone or concurrently with another cause, unless the concurrent cause
was clearly sufficient to produce the result and the conduct of the actor clearly
insufficient.” Tex. Pen. Code Ann. § 6.04(a) (Vernon 2003).
          Looking at the evidence detailed above in the light most favorable to the
verdict, we conclude that the evidence is legally sufficient to support the jury verdict. 
The State elicited the testimony of a disinterested witness who saw appellant
swerving and driving at a high rate of speed. Furthermore, another disinterested
witness smelled alcohol as he attempted to assist appellant and Bartley. That same
witness noticed that appellant’s speech was slurred. Finally, appellant’s BAC was
.31, almost four times the legal limit.


 A medical expert testified that both alcohol
and marihuana can affect motor skills and reactions to driving situations. From the
evidence detailed above, we conclude that there was legally sufficient evidence for
the jury to conclude that appellant’s intoxication was either the sole cause or the
concurrent cause of Bartley’s death.
          Accordingly, we overrule point of error one.
Factual Sufficiency 
          In point of error two, appellant contends that the evidence was factually
insufficient to show that his intoxication caused Bartley’s death. Specifically, he
contends that Bartley caused her own death by grabbing the steering wheel and that
“her behavior was a concurrent cause clearly sufficient to produce [her death],
irrespective of appellant’s sobriety or drunkenness.”
          In support of his causation theory, appellant testified that Bartley became sick
and began vomiting on the way home. He took a wide right turn at the intersection
of Little York and North Fry because he was unfamiliar with the area and Bartley told
him that there was a culvert near the intersection. After taking the turn, Bartley got
sick again and began vomiting out the window. She asked him to hurry home so that
she could get to a restroom. He told her that he “knew what the speed limit was,” and
she then told him that he did not have to worry about it any longer because she had
“relieved” herself. He testified that he was driving at the posted speed limit of 45
miles per hour. They continued down the road, and Bartley began vomiting out the
window again and seemed to be very sick. Suddenly, the car door was open, and she
was still vomiting. He checked on her to make sure that she was all right and, during
the process, Bartley looked up, yelled, “Don’t hit the guardrail,” and grabbed the
steering wheel. Appellant testified that he blacked out at this point and that the next
thing he remembered was talking to someone while upside down in the car, being in
and out of consciousness, and being taken to the hospital.
          Appellant also presented the testimony of William Miller, Jr., an expert in
accident reconstruction. Miller theorized, based on appellant’s version of the events,
that the accident occurred because appellant failed to keep a proper lookout as he was
driving because he was momentarily distracted by Bartley’s opening the car door and
vomiting, and then grabbing the steering wheel to correct appellant’s driving error
when she realized that appellant was heading toward the guardrail. Miller testified
that the position of Bartley’s body, half in and half out of the car with the car door
resting on her, supported his conclusion that she had opened the door to vomit, thus
distracting appellant. Miller also disputed the State’s expert witness’s conclusions
about the measurements taken at the accident. Miller calculated that the wreck was
18 feet from the roadway, not the 24 feet estimated by the State’s forensic expert. 
Miller also testified that the distance from the roadway to the guardrail was 5 feet, not
8 feet as offered by the State’s expert. Finally, Miller concluded that appellant’s
version of the events was consistent with the physical evidence.
          After reviewing all the evidence that tends to prove and tends to disprove that
appellant’s intoxication caused the death of Bartley, we conclude that the verdict is
not overwhelmingly against the weight of the evidence such that it is clearly wrong
and unjust. The jury resolved the disputed credibility issues in this case. Appellant
testified that he was traveling 45 miles per hour, while the State’s witness, Bridges,
estimated appellant’s speed to have been around 80 miles per hour. Appellant
testified that he was distracted when Bartley opened the door to vomit. However, the
State’s witness, Redden, did not smell any vomit. Appellant testified that Bartley
grabbed the steering wheel, and the jury could have chosen to believe his testimony
or not. Finally, there was evidence that appellant never hit the brakes, and that his
own expert testified that appellant had time to stop after leaving the roadway, but
before hitting the culvert.
          To declare the evidence factually insufficient, and to hold that appellant’s
intoxication was clearly insufficient to cause Bartley’s death, we would have to
determine whose story was correct and which witnesses were more believable. This
we will not do. See King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). 
Accordingly, we hold that the evidence that appellant’s intoxication caused Bartley’s
death—either independently or concurrently with Bartley’s own actions—is not
factually insufficient such that the verdict is so against the overwhelming weight of
the evidence as to be clearly wrong and unjust.
          We overrule appellant’s second point of error.
CONCLUSION
          We affirm the judgment.
                     
Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).