**Walter MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14-90-00066-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 3, 1991.

Brian W. Wice, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was found guilty by a jury for the felony offense of aggravated robbery. Tex.Penal Code § 29.03 (Vernon 1989). The jury also found the enhancement paragraph, which alleged that the appellant had been previously convicted of aggravated robbery, to be true and assessed punishment at twenty-four years confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court found that a firearm had been exhibited during the commission of this offense. We affirm the judgment as reformed.

In his second point of error, appellant contends that the trial court erred in over-

ruling a motion for instructed verdict because the evidence was insufficient to support a finding that the appellant was guilty of aggravated robbery as a party. When there is a challenge to the sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989) (applying the *Jackson* standard of review). The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981). A jury is entitled to accept the state's version of the facts and reject the appellant's version, or reject any of the witness' testimony. *Id.*

The record reflects that at approximately 6:30 p.m. on January 14, 1989, the appellant entered a McDonalds restaurant on Interstate 10. He asked for an order of french fries, and when asked by the cashier if he wanted a small, medium, or large order, the appellant replied that it did not matter. At that moment, another man walked behind the counter, approached the assistant manager and opened his coat in order to display a nickel-plated pistol. The man with the gun then instructed the assistant manager to "be cool." The gunman then walked back into the grill area where he stopped another assistant manager and forced her to open an office safe at gunpoint. While the gunman was emptying the safe, the appellant took the money from the cashier's stations at the counter. When the gunman returned to the front of the store, the appellant exited. The gunman followed the appellant a few moments later.

■ Appellant contends that since there were no words spoken between the robbers, it is impossible to infer the existence of a common scheme. In determining whether one has acted as a party in the commission of a criminal offense pursuant to TEX.PENAL CODE § 7.02, the jury may look to events occurring before, during and after the offense and reliance may be placed on actions which show an understanding and common design to engage in an act. *Strelec v. State*, 662 S.W.2d 617, 619 (Tex.App.—Houston [14th Dist.] 1983, no writ). Here, the appellant helped a gunman empty the cash drawers of a McDonalds restaurant. Although the two men were not heard to speak to each other during the commission of the robbery, a rational trier of fact could have found beyond a reasonable doubt that the appellant was guilty of the offense of aggravated robbery acting as a party. Robbers working in tandem will not exculpate themselves by executing their crime in silence. Appellant's second point of error is overruled.

■ Appellant argues in his third and fourth points of error that the trial court erred in overruling a motion for mistrial after the prosecutor argued matters outside of the record in telling the jury that: (1) the gunman "pointed" to the appellant as a signal, and (2) there was no way that the state could ever produce a witness to testify that the defendant was acting as a lookout. During the prosecutor's final argument in the guilt-innocence stage of the trial, he stated:

> [W]here are the things that link [the appellant] as a party to the offense. The only thing [defense counsel] cares to talk about is the signal that [McDonalds' assistant manager] can't remember any more, *a signal* that happened back on January 14, something that she remembers seeing this man [the gunman] standing back in the grill area *pointing or doing something*, whatever she remembered, *to the other person* [the appellant] that was standing out here by the counter.

The record reveals that the trial court sustained the defense counsel's objection to this argument being outside of the record, and instructed the jury to disregard the prosecutor's comments. The trial court then overruled appellant's motion for a mistrial. The prosecutor then stated:

[McDonalds' assistant manager] didn't say what the signal was. She didn't say if it was a point. She didn't say if it was a tip of the hat or what it was because she didn't remember. As of today, she doesn't remember what the signal was. But something clicked in her mind and made her think of the signal. Do you think for a minute that the State of Texas is asking you on that point alone to make this man a party?

Appellant further contends that the prosecutor again went outside of the record when he argued to the jury that there was no way that the state could produce a witness who could unequivocally state that appellant was acting as a lookout. The trial court again sustained appellant's objection to this argument as being outside of the record and instructed the jury to disregard the prosecutor's comments. Again, the trial court overruled the appellant's subsequent motion for a mistrial.

To remain under the umbrella of permissible jury argument, the argument must fall within one of the following areas: (1) summation of the evidence; (2) reasonable deduction drawn from the evidence; (3) answering the opposing counsel's argument; or (4) a plea for law enforcement. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim. App.1988). Even when an argument exceeds these boundaries it will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, it violates a mandatory statute, or injects new facts, harmful to the accused into the trial proceedings. *Dickinson v. State*, 685 S.W.2d 320, 322 (Tex.Crim.App.1984). The appellant contends that the prosecutor's reference to "pointing" was an improper reference to facts outside of the record used to fill in a gap in the evidence. However, in light of the record as a whole, the prosecutor's statements cannot be construed as extreme or manifestly improper. Placed in the context of the prosecutor's entire argument, it is clear that the state's attorney was only recapitulating the testimony of a witness, and not testifying himself.

Appellant's contention that the prosecutor's final argument injected new facts into the record is also without merit. The record reveals that the prosecutor's argument injects no new facts whatsoever. Any injury caused by an improper jury argument is cured when the trial court sustains a defense counsel's objection and instructs the jury to disregard the offending argument. *Melton v. State*, 713 S.W.2d 107, 114 (Tex.Crim.App.1986). Appellant's third and fourth points of error are overruled.

■ Appellant's first point of error contends that the trial court erred in making an affirmative finding that the appellant used a deadly weapon during the commission of the offense. Where the state relies on the theory of parties, TEX.PENAL CODE § 7.02, no affirmative finding of a deadly weapon is permissible unless the defendant *personally* used or exhibited a deadly weapon. *See Travelstead v. State*, 693 S.W.2d 400 (Tex.Crim.App.1985). The state admits that the jury was given an instruction on the law of parties, and that the evidence failed to show any *personal* use or exhibition of a deadly weapon by the appellant. Thus, the deadly weapon finding must be deleted. *LeBlanc v. State*, 737 S.W.2d 865, 870 (Tex.App.—Houston [14th Dist.] 1987), *pet. ref'd per curiam*, 762 S.W.2d 582 (Tex.Crim.App.1988). The first point of error is sustained and pursuant to TEX.R.APP.P. 80(b)(2), the judgment below is reformed by deleting the reference to the deadly weapon.

The judgment of the trial court is reformed and affirmed as reformed.