Affirmed and Opinion filed January 30, 2003









Affirmed and Opinion filed January 30, 2003.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00745-CR

____________

 

CALVIN LYNN BROWN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 32,823

 



 

O P I N I O N

Appellant, Calvin Lynn Brown, was charged by indictment with
murder; he entered a plea of not guilty. 
A jury convicted appellant and assessed his punishment at 62 years= imprisonment and a $10,000
fine.  On appeal, appellant contends (1)
the evidence was factually insufficient to establish appellant=s identity as the killer, and (2) he
received ineffective assistance of counsel. 
We affirm.  








On October 29, 1999, around 6:00 p.m., Jerry Travis rode his
bike along the banks of the Buffalo Bayou, looking for wild hogs.  As he rode, he saw a depression along the
bank about six inches shallower than the rest of the surface and about three
feet in diameter.  As Travis got closer,
he realized an arm and hand stuck out of the depression.  Police came to the scene and later identified
the victim as Teresa Ladoux Brown, appellant=s wife.  

Brown died from an obstruction in her airway, likely caused
by choking on dirt.  Her body was marred
by puncture wounds, cutting wounds, and most of her right breast was missing.  Subsequently, appellant was charged with
intentionally and knowingly causing the death of Brown by asphyxiation.  

In his first issue, appellant argues the evidence was
factually insufficient to establish his identity as the killer.  When conducting a factual sufficiency review,
the verdict is set aside only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 6B7 (Tex. Crim. App. 2000).  The evidence is considered equally, including
the testimony of defense witnesses and the existence of alternative
hypotheses.  Orona v. State, 836 S.W.2d
319, 321 (Tex. App.CAustin 1992, no pet.). 
We consider the factfinder=s weighing of the evidence and can
disagree with the factfinder=s determination.  Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  However, we are not free to reweigh the
evidence and set aside a verdict merely because a different result is more
reasonable.  Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997).  We must
defer to jury findings and find the evidence factually insufficient “only where
necessary to prevent manifest injustice.” 
Id.








Appellant argues that the State failed to show that he was
the man seen at Brown=s grave.  On the night
of Brown=s murder, Austin Mater, a regular
runner along Buffalo Bayou, saw appellant with a shovel at the grave site.  Mater also saw appellant=s white car hidden in the nearby
trees.  Although Mater initially
identified the car as a white Pontiac Grand Am, appellant actually owns a white
Pontiac Grand Prix.  Although Mater
intentionally avoided making eye contact with appellant, he was able to
describe appellant=s clothing.  Mater also
testified that appellant was the man he saw digging by the bayou.  On cross-examination, however, Mater admitted
that he described the man as six feet tall, when appellant is slightly taller
than that. 

The State offered other evidence establishing appellant as
the killer.  Ladoux, the victim=s brother, went to appellant=s house four days after Brown=s death.  In appellant=s garage, Ladoux found a wheelbarrow,
shovel, and muddy tennis shoes.  The day
after Brown=s death, appellant washed his car for
at least four hours, when it normally took at most an hour and a half.  Additionally, police found five knives in
appellant=s car.  A luminol test, which causes a fluorescent
reaction to blood, indicated the presence of blood in appellant=s car in two places: on the driver=s side floorboard (where carpet had
been cut out), and in the trunk. 
Appellant testified the blood probably came from a severely wounded pet
dog that he transported to the veterinarian. 
However, veterinary records showed the dog was injured a year before
appellant purchased his automobile. 
Appellant also owned a box cutter, which tested positive for blood, that
could cause wounds in size and depth of those on Brown=s body.  Finally, appellant left work on the day of
Brown=s murder at 4:10 p.m., giving him
enough time to bury her at Buffalo Bayou around 6:30 p.m.  

Appellant argues he was misidentified as the killer and that
one of Brown=s lovers must have murdered her.  He argues that he was not jealous, as
suggested by the State.  However, none of
the other possible suspects owned a white car and all lived outside of the
Houston area.  Further, there was no
evidence to indicate that any of Brown=s paramours was in the Houston area
the weekend of her disappearance. 
Appellant suggests several reasons why someone else murdered Brown, but
apparently the jury did not find his theories persuasive, as was its
right.  Moore v. State, 804 S.W.2d
165, 166 (Tex. App.CHouston [14th Dist.] 1991, no. pet.) (holding jury is
entitled to accept the State=s version of the facts and reject appellant=s version or reject any testimony of
the witnesses).  Likewise, after
considering all the evidence, we find it factually sufficient to support the
jury=s verdict.  Accordingly, appellant=s first issue is overruled.  








In his second and final point, appellant argues he received
ineffective assistance of counsel when presenting argument at the punishment
phase of the trial.  Focusing on whatever
residual doubt may have been in the minds of jurors, counsel=s entire punishment argument was, “Ladies
and gentlemen, y=all guessed him guilty. 
Now guess his sentence.”  We find
appellant failed to meet the test for ineffective assistance of counsel set
forth in Strickland v. Washington, 466 U.S. 668, 688B93 (1984).

Under Strickland, appellant must demonstrate (1)
counsel=s performance was deficient and (2)
the deficient performance prejudiced the defense.  See id.  Essentially, appellant must show his counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms,
and there is a reasonable probability that, but for his counsel=s unprofessional errors, the result
of the proceeding could have been different. 
Id. at 693; Valencia v. State, 946 S.W.2d 81, 83 (Tex.
Crim. App. 1997).  Judicial scrutiny of
counsel=s performance must be highly
deferential, and we are to indulge a strong presumption that counsel was
effective.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We presume counsel=s actions and decisions were reasonably professional and that
they were motivated by sound trial strategy. 
Id.  Moreover, to rebut
this presumption, appellant must show, by a preponderance of the evidence, why
trial counsel did what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  Thompson v.
State, 9 S.W.3d 808 (Tex. Crim. App. 1999). 
Usually, a silent record which provides no explanation behind counsel=s actions fails to overcome the
strong presumption of reasonable assistance. 
Id. at 813B14.  Thus, to
successfully demonstrate counsel=s ineffectiveness, an appellant
generally must present evidence, usually through a motion for new trial or a
habeas corpus proceeding, illustrating trial counsel=s strategy. Kemp v. State, 892
S.W.2d 112, 115 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d). 









Appellant did not develop this issue by way of a motion for
new trial.  Accordingly, appellant has
failed to rebut the presumption that counsel=s actions were reasonably
professional and motivated by sound trial strategy.  See id. 
Appellant=s second issue is overruled. 




The judgment of the trial court is affirmed.   

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed January 30, 2003.

Panel consists of
Chief Justice Brister and Justices Hudson and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).