Affirmed and Opinion filed April 17, 2003









Affirmed and Opinion filed April 17, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00486-CR

____________

 

ROBERT EARL HOUSE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 901,537

 



 

O P I N I O N

Appellant, Robert Earl House, was convicted by a jury of
robbery.  Appellant pled true to two
enhancement paragraphs and the jury assessed appellant=s punishment at 70 years= confinement.  In four points of error, appellant contends
the evidence was legally and factually insufficient to support his
conviction.  We affirm. 








On February 4, 2003, appellant entered Ralston=s Liquor Store and demanded
money.  The store manager, Annie
Williams, recognized appellant both as a regular customer and as someone she
had gone out with on a few occasions. 
Williams gave appellant money from the cash register, and appellant
ordered her toward the back of the store to retrieve money from the store
safe.  Williams could not open the safe,
but gave appellant a bag of money found near it.  Appellant then ordered Williams to go in the
bathroom and count to a hundred or he would shoot her.  Williams entered the bathroom and counted
until appellant left the store.  Williams
immediately called police.  Two officers,
however, were fortuitously driving by the store when they saw appellant come
running out of the store.  Police chased
and subsequently arrested appellant, and Williams identified him as the
robber.  

A grand jury indicted appellant for robbery.  He pled not guilty to the offense, but
subsequently pled true to two enhancement paragraphs.  The jury convicted appellant and assessed his
punishment at 70 years= imprisonment.  

Standard of Review








In evaluating a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 n. 12 (1979); Garrett
v. State, 851 S.W.2d 853, 857 (Tex. Crim. App. 1993).  We will not overturn the verdict unless it is
irrational or unsupported by proof beyond a reasonable doubt.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The jury, as the trier of fact, “is the sole judge of the credibility of
witnesses and of the strength of the evidence.” 
Fuentes v. State, 991 S.W.2d 267, 271 (Tex.
Crim. App. 1999).  The jury may
believe or disbelieve any portion of the witnesses= testimony.  Sharp. v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  Therefore, if
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt, we must affirm. 
McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  Further, we must presume the jury resolved
any conflicting inferences on the issue in favor of the prosecution.  Farris v. State, 819 S.W.2d 490, 495
(Tex. Crim. App. 1990), overruled on other grounds by Riley v. State,
889 S.W.2d 290 (Tex. Crim. App. 1993). 
We test the evidence only to see if any reasonable trier of fact could
find the elements were established beyond a reasonable doubt.  Jackson, 443 U.S. at 318.  

When conducting a factual sufficiency review, the verdict is
set aside only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 6B7 (Tex. Crim. App. 2000).  The evidence is considered equally, including
the testimony of defense witnesses and the existence of alternative
hypotheses.  Orona
v. State, 836 S.W.2d 319, 321 (Tex. App.CAustin 1992, no pet.).  We consider the factfinder=s weighing of the evidence and can
disagree with the factfinder=s determination.  Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  However, we are not free to reweigh the
evidence and set aside a verdict merely because a different result is more
reasonable.  Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We must defer to jury findings and find the
evidence factually insufficient “only where necessary to prevent manifest
injustice.”  Id. 

Legal and Factual Sufficiency

In his first and second issues, appellant argues the evidence
is legally and factually insufficient to support the verdict because the State
failed to show the complainant was the “owner” of the money, as alleged in the
indictment.

A person commits robbery if, in the course of committing
theft and with intent to obtain or maintain control of the property, a person
intentionally, knowingly, or recklessly causes bodily injury to another or
placed another in fear of imminent bodily injury or death.  Tex. Pen. Code Ann. ' 29.02(a) (Vernon 1994).  A person commits theft, if he unlawfully
appropriates property with intent to deprive the owner of property.  Tex. Pen. Code Ann. ' 31.03(a) (Vernon Supp. 2003).  An “owner” of property means a person who has
title to the property, possession of the property, whether lawful or not, or a
greater right to possession of the property than the actor.  Tex. Pen. Code Ann. ' 1.07(35) (Vernon 1994). 








Appellant, citing Freeman v. State, 707 S.W.2d 597
(Tex. Crim. App. 1986), 
contends Williams=s management position alone is insufficient to sustain an
ownership allegation absent a showing she exercised some degree of care,
custody, control, or management over the property allegedly stolen.  In Freeman, the defendant worked as a
salesclerk for the business entity that owned the stolen merchandise while the
alleged “owner” was the security manager employed by the same entity.  Id. at 600B01.  The security manager admitted she did not own
the property because she did not have a greater possessory right than the
defendant.  Id.
at 601.  The court acknowledged
the defendant “owned” the property as the term is statutorily defined because
she had just as much right, if not more, to the stolen property than the
security guard.  Nonetheless, the court
affirmed the conviction because the defendant exercised “unauthorized” control
over the property.  Id.
at 605.  

This case is distinguishable from Freeman.  Williams, although she did not own the store,
had managed Ralston=s Liquor Store for almost five years and knew all the regular
customers.  At the time of the robbery,
Williams maintained the store alone, was in sole possession of the stolen
money, and contacted police immediately after appellant left the store.  Finally, Williams, as an employee of the
store, had a greater possessory right to possession of the money than
appellant.  See Sherlock v. State,
632 S.W.2d 604, 608 (Tex. Crim. App. 1982).  Because Williams had sole possession of the
stolen property and a greater possessory right to it than appellant, Williams “owned”
the money.  See Tex. Pen. Code Ann. ' 1.07(35) (Vernon 1994).  Accordingly, appellant=s first and second issues are
overruled.  

In his third and fourth issues, appellant argues he had
consent from the complainant to take the money, and thus, the evidence was
legally and factually insufficient to support his conviction.  A person commits theft, if he unlawfully
appropriates property with intent to deprive the owner of property.  Tex. Pen. Code Ann. ' 31.03(a) (Vernon Supp. 2003).  A person appropriates property unlawfully, if
the person takes it without the owner=s consent.  Tex. Pen. Code Ann. ' 31.03(b)(1)
(Vernon Supp. 2003).  








Appellant testified Williams asked him to rob the store at
the end of Super Bowl weekend.  According
to appellant, they intended to split the money, approximately $4,000, at her
mother=s house that evening.  The scheme did not go as planned because
Williams had access to only $200 or $300, and police spotted appellant running
out of the store seconds after the robbery. 
When asked why he ran out of the store instead of walking out and hiding
the money under his jacket, appellant said he was not wearing a jacket.  The arresting officers, however, testified
that appellant was wearing a jacket. 
Moreover, Williams testified that she never agreed to stage a robbery
with appellant and no evidence, other than appellant=s testimony, suggested
otherwise.  In fact, Williams was afraid
she would be shot and immediately called police after the robbery.  

The jury rejected appellant=s version as was its right.  Moore v. State, 804 S.W.2d 165, 166 (Tex.
App.CHouston [14th Dist.] 1991, no pet.) (holding
jury is entitled to accept State=s version of the facts and reject
appellant=s version or reject any of the
witnesses= testimony).  We find the evidence both legally and
factually sufficient to support the jury=s verdict.  Accordingly, appellant=s third and fourth issues are
overruled. 

The judgment of the trial court is overruled.  

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed April 17, 2003.

Panel consists of
Justices Yates, Hudson, and Frost.

Publish C Tex.
R. App. P. 47.2(b).