Affirmed and Memorandum Opinion filed June 19, 2003










Affirmed and Memorandum Opinion filed June 19, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00537-CR

____________

 

SUZANNE
NEWKIRK, Appellant

 

V.

 

THE
STATE OF TEXAS, Appellee

 



 

On Appeal from the
339th District Court

Harris
County,
Texas

Trial Court Cause
No. 903,301

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Suzanne Newkirk,
was charged by indictment with the felony offense of intoxication assault.  She was further charged with using and
exhibiting a deadly weapon, namely, a motor vehicle, during the commission of
the offense.  The jury convicted
appellant of the underlying offense but failed to find she used or exhibited a
deadly weapon and assessed her punishment at 4 2
years= imprisonment.  On appeal, appellant contends (1) the
evidence is legally and factually insufficient to support her conviction, (2)
the prosecution conducted improper jury argument, and (3) she received
ineffective assistance of counsel.  We
affirm.  








On July 9, 2001, at approximately 10:00 p.m., Rafik
Boubenider was driving his Isuzu Rodeo north on Highway 6.  He stopped for a traffic light in the right
lane of the intersection of Highway 6 and Meadow Forest Trail.  When the light turned green, Boubenider
proceeded northbound on Highway 6. 
Approximately fifty or sixty yards after Boubenider crossed the
intersection, a southbound Geo Tracker, driven by appellant, turned across
three lanes of northbound traffic in an attempt to enter the parking lot of a
drug store.  As the Geo Tracker crossed
in front of Boubenider,
he slammed on his brakes. 
Boubenider, nevertheless, struck the Geo Tracker, rolling it on its
roof, and severely injuring the complainant, appellant=s eleven-year-old son.

Deputy Tracy Wright, with
Harris County Sheriff=s
Department Patrol Division, heard the impact, notified her dispatch of a major
accident, and ran to the scene. 
Boubenider got of his car immediately and went to check on the other
driver.  Appellant was unconscious and
suspended upside down in her seatbelt. 
The complainant had been thrown from the vehicle and was bleeding badly
from a severe leg injury.  Deputy Wright
placed her hand on the wound to help stop the bleeding.  Appellant=s
fourteen-year-old daughter excited the vehicle by crawling out of a shattered
window and the daughter=s
boyfriend was taken out of the vehicle by ambulance personnel.  

Life Flight transported
appellant to a local hospital.  Medical
staff ran a series of standard tests for a person in appellant=s unconscious state and
found that her blood alcohol level was approximately three times the legal
limit.  After a through investigation,
appellant was charged, and subsequently convicted of, intoxication
assault.  

Legal and Factual
Insufficiency 

In her first and second
issues, appellant contends the evidence is legally and factually insufficient
to support her conviction.  In evaluating
a legal sufficiency challenge, we view the evidence in the light most favorable
to the verdict and determine whether a rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
n. 12 (1979); Garrett v. State, 851 S.W.2d 853, 857 (Tex. Crim. App. 1993).  We will not overturn the verdict unless it is
irrational or unsupported by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991).  The jury, as the
trier of fact, “is the sole judge of the credibility of witnesses and of the
strength of the evidence.”  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may believe or disbelieve any
portion of the witnesses= testimony.  Sharp.
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  

Appellant argues the
evidence is legally insufficient to prove that her intoxication, if any, caused
the accident.  Appellant contends
instead, that the other driver, who was allegedly speeding, could have braked
and avoided the collision.  

To establish appellant committed the
offense of intoxication assault, the State had to demonstrate that she, by
accident or mistake, caused serious bodily injury to another while operating a
motor vehicle in a public place while intoxicated.  See Tex.
Pen. Code Ann. '
49.07(a)(1) (Vernon 2003).  Causation
needed to establish criminal responsibility exists when:

A person is
criminally responsible if the result would not have occurred but for his conduct,
operating either alone or concurrently with another cause, unless the
concurrent cause was clearly sufficient to produce the result and the conduct
of the actor clearly insufficient.

 

Tex. Pen.
Code Ann. '
6.04(a) (Vernon 2003).  When the accused as well as others could have
caused the victim=s injuries, the accused nevertheless will be criminally
responsible, unless the other causes were clearly sufficient to produce the
injury and the accused=s conduct is clearly insufficient.  See id; Robbins v. State, 717
S.W.2d 348, 351 (Tex. Crim. App. 1986). 
Thus, the evidence of causation will be legally insufficient only when
the conduct of the accused, standing alone, was clearly insufficient to cause
the injury.  Robbins, 717 S.W.2d
at 351.  








Appellant contends the other driver=s excessive speed caused the
accident; however, that issue alone does not negate appellant=s criminal responsibility.  Instead, the issue is whether the State
presented ample evidence establishing appellant=s conduct, that standing alone, was
clearly insufficient to cause injuries to the victim.  

The State presented ample evidence establishing appellant=s intoxication on the night at
issue.  Richard Kern, the Emergency
Medical Technician that arrived at the scene, smelled alcohol on appellant
while working eighteen to twenty inches from her.  Deputy Suzanne Cotter, the accident
investigator, noticed appellant smelled of alcohol when she arrived at the
hospital.  Approximately one hour after
the accident, appellant=s blood plasma revealed 262 grams of alcohol per decaliter,
which means appellant had approximately .24 to .25 grams of alcohol per 100
milliliters of blood at the time of the accident.  Based on this evidence of intoxication,
coupled with her failure to yield the right of way, Cotter opined that
appellant had lost the normal use of her mental and physical faculties.  

Finally, we must presume the jury resolved any conflicting
inferences on the issue in favor of the prosecution.  Farris v. State, 819 S.W.2d 490, 495
(Tex. Crim. App. 1990), overruled on other grounds by Riley v. State,
889 S.W.2d 290 (Tex. Crim. App. 1993). 
We test the evidence only to see if any reasonable trier of fact could
find the elements established beyond a reasonable doubt.  Jackson, 443 U.S. at 318.  After examining the evidence, we find it is
sufficient to permit a rational trier of fact to determine appellant caused the
victim=s injuries.   








Appellant, however, also
contends the evidence is factually insufficient.  When
conducting a factual sufficiency review, the evidence is not viewed in the
light most favorable to the verdict, and the verdict is set aside only if it is
so contrary to the overwhelming weight of the evidence to be clearly wrong and
unjust.  Johnson v. State, 23
S.W.3d 1, 6B7 (Tex. Crim. App. 2000).  The evidence is considered equally, including
the testimony of defense witnesses and the existence of alternative
hypotheses.  Orona v. State, 836
S.W.2d 319, 321 (Tex. App.CAustin 1992, no pet.). 
We consider the factfinder=s weighing of the evidence and can
disagree with the factfinder=s determination.  Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996).  However, we are not free to reweigh the
evidence and set aside a verdict merely because a different result is more
reasonable.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We must defer to jury findings and find the
evidence factually insufficient “only where necessary to prevent manifest
injustice.”  Id.

The State=s evidence of appellant=s intoxication is
detailed above.  Appellant argues,
however, that several defense witnesses, including herself, testified she did
not consume any alcoholic beverages before the accident and did not exhibit any
symptoms of intoxication. Appellant=s
fourteen-year-old daughter testified that her mother drove normally without
hitting other drivers, swerving, or speeding; however, she did admit she was
not sure if her mother had been drinking before the accident. 
Appellant=s eleven-year-old son testified he never saw his mother drink
an alcoholic beverage before they got into the car.  Marianne Pigott, a church friend of appellant=s, interacted with appellant a few
hours before the accident. 
Appellant  dropped her son off at
Vacation Bible School where Pigott spoke with appellant at approximately 6:00
p.m. and 8:00 p.m., respectively. 
According to Pigott, appellant appeared to have the normal use of her
faculties, and did not mumble or seem incoherent.  








Appellant suggests the State=s medical evidence against her may be
attributed to a medical condition.  She
suffers from a throat condition, esophagitis, which she treats with
NyQuil.  She took one dose of NyQuil
about an hour and a half before the accident and had taken two or perhaps three
doses the day before.  However, Debby
Stevens, from the Houston Police Department Crime Laboratory, testified the
smell of alcohol in NyQuil is very slight, and thus, if one drank only
medicine, the smell of alcohol would be very faint.  Here, however, appellant had a strong odor of
alcohol.  Moreover, Dr. Julius Debroeck
testified that if appellant had only one capful of NyQuil a few hours before
the accident, as appellant stated, it would be impossible for her to have had a
blood alcohol content as high as she did. 
  Appellant also contends the
accident would not have occurred but for Boubenider=s high rate of speed.  Steven Nastasi, an eyewitness that was
driving northbound on Highway 6, testified that seconds before the collision, a
black Rodeo tailgated him and then passed him and entered the far right-hand
lane at a high rate of speed.  Appellant
turned, from the left hand lane of the Southbound direction on Highway 6, in
front of both drivers.  Appellant passed
in front of Nastasi=s vehicle but the Rodeo in the far right hand lane failed to
brake before colliding with appellant=s vehicle.  Appellant=s daughter testified that the Rodeo
came “really fast,” out of nowhere, much faster than any of the other
cars.  Nastasi believed Boubenider caused
the accident because the Rodeo passed Nastasi at such a high rate of speed when
Nastasi himself was driving at least forty-five to fifty miles per hour.

Boubenider, however, testified he was driving approximately
thirty-five miles per hour immediately before impact.  When he saw appellant coming toward him from
his left, he  slammed on his brakes, but
could not avoid the collision.  Wayne
Hughes, who was driving directly behind Boubenider, testified that appellant
turned into on-coming traffic, and failed to yield the right of way.  Hughes affirmed that Boubenider was driving
approximately thirty-five to forty miles per hour at the time of the accident
and that he could not have avoided the collision.  Deputy H.A. Mifflin and Deputy Suzanne
Cotter, both from the Harris County Sheriff=s Department, reconstructed the
accident from the skid marks and the damage to both vehicles and estimated
Boubenider was driving approximately forty-five to forty-six miles per hour
immediately before impact.

The jury disregarded appellant=s version of her condition and fault
in the accident as was its right.  Moore
v. State, 804 S.W.2d 165, 166 (Tex. App.CHouston [14th Dist.] 1991, no pet.)
(holding jury is entitled to accept the State=s version of the facts and reject
appellant=s version or reject any of the
witnesses= testimony).  We find the verdict was not so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. 








Jury Argument

In her third issue, appellant argues the prosecution
misstated the evidence during final argument. 
Specifically, appellant contends the prosecution=s argument forced the jurors to
consider speculative and extraneous matters when determining appellant=s guilt or innocence.  The prosecution stated, in relevant part:

And, ladies and gentlemen of the jury, I submit to you
that this  is not the message we want to
send to the people in Harris County that this kind of behavior is
acceptable.  Because it=s not.  Because,
frankly, when I read to you the charge of what Mrs. Newkirk was charged with,
it=s called the indictment.  And the last words that I read to you were
against the peace and dignity of the State. 
And don=t we all deserve to live in a peaceable and dignified
state where we can drive down the roads and hope that the other people on the
roads are abiding by the same laws and conditions we are suppose to abide
by?  And hope that when we get in the car
that the other drivers on the road are responsible for not only our lives, but
their own lives.  And that their blood
alcohol levels are lower than .08 and they have their mental and physical
faculties.  Those are things we just hope
that happens because don=t we know driving in Houston is dangerous enough.  But now alcohol on top of it.  And not just a little alcohol, nearly three
times what it takes to be intoxicated and lose your mental and physical
faculties as Debby Stevens said.  Sometimes
you read the papers and you read about these intoxication cases where someone
has been seriously injured or killed. 
And you read these things.  You
ask yourselves.

MR. STILLER (appellant=s
counsel):  Objection, Your Honor.  It=s
arguing outside the record.

THE COURT: 
Overruled.

MS. KOLSKI (the State=s
attorney):  And you ask yourselves, they
should do something about this.  Or you
say that to someone or you see that on T.V. or you feel that way . . . So when
you ask yourselves they should do something about this, you 12 people are the “they.”

(Emphasis added).








The purpose of closing argument is to facilitate the jury=s analysis of evidence presented at
trial to arrive at a just and reasonable conclusion based on the evidence alone
and not on any fact not admitted into evidence. 
Campbell v. State, 610 S.W.2d 754, 756 (Tex. Crim. App.
1980).  The four permissible areas of
jury argument consist of summation of the evidence, answer to argument of
opposing counsel, deduction from the evidence, and pleas for law enforcement.  Mijores v. State, 11 S.W.3d 253, 257
(Tex. App.CHouston [14th Dist.] 1999, no
pet.).  An argument that exceeds these
bounds is erroneous.  Felder v. State,
848 S.W.2d 85, 94B95 (Tex. Crim. App.1992). 
However, in making jury argument, wide latitude is allowed without
limitation in drawing inferences from the evidence, so long as the inferences
drawn are reasonable, fair, legitimate, and offered in good faith.  Gaddis v. State, 753 S.W.2d
396, 398 (Tex. Crim. App. 1988).  

First, it “is common
knowledge that in this state each year, many people are killed or seriously
injured in automobile collisions as a result of alcohol‑intoxicated
drivers.”  English v. State, 828 S.W.2d 33, 38 (Tex. App.CTyler 1991, pet. ref=d).  Statements of common knowledge are an exception
to the rule against arguing facts outside the evidence.  Nenno v. Sate, 970 S.W.2d 549, 559 (Tex. Crim. App.
1998).

Second, it is clear from
the context of the prosecutor=s
argument, that she was making a proper plea for law enforcement.  See Smith v. State, 846 S.W.2d 515, 517 (Tex. App.CHouston [14th Dist.]
1993, pet. ref=d)
(holding the following argument was a proper plea for law enforcement:  “You often hear people say, >What are they doing down
there at the courthouse?   The whole
system has gone crazy.  What are they
doing down there that it=s
gotten this way?=   Well, today, folks, you are the >they,= so don't be fooled by
argument by the defense.”).

Accordingly, appellant=s third issue is overruled.  








Ineffective Assistance
of Counsel

In her fourth issue,
appellant complains her counsel was ineffective for failing to object to the
prosecutor=s use of a hypothetical scenario
during voir dire.  Specifically, the
State=s attorney asked prospective jurors
if they could return a conviction for intoxication assault if the victim was a
member of the defendant=s family and a passenger in the defendant=s automobile, as opposed to a third
party in another vehicle.  Some
prospective jurors disagreed with the law and admitted they would have
difficulty enforcing the law if the evidence showed the injured party was a
family member or passenger of the defendant.

We find no error in the prosecutor=s question.  However, even if the question were been
improper, appellant failed to meet the test for ineffective assistance of
counsel set forth in Strickland v. Washington,
466 U.S. 668, 688B93
(1984).

Under Strickland,
appellant must demonstrate (1) counsel=s
performance was deficient and not reasonably effective and (2) the deficient performance
prejudiced the defense.  Id.  Essentially, appellant must show his counsel=s representation fell
below an objective standard of reasonableness, based on prevailing professional
norms, and there is a reasonable probability that, but for his counsel=s unprofessional errors,
the result of the proceeding could have been different.  Id. at 693; Valencia v. State,
946 S.W.2d 81, 83 (Tex. Crim. App. 1997). 









Judicial scrutiny of
counsel=s performance must be
highly deferential and we are to indulge a strong presumption that counsel was
effective.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We presume counsel=s
actions and decisions were reasonably professional and that they were motivated
by sound trial strategy.  Id.  Moreover, to rebut this presumption,
appellant must show, by a preponderance of the evidence, why trial counsel did
what he did.  Id.  Any allegation of ineffectiveness must be
firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness.  McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other
grounds by Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App.
1998).  If the record contains no evidence
of the reasoning behind trial counsel=s
actions, we cannot conclude counsel=s
performance was deficient or speculate about the reasons behind trial counsel=s actions.  Jackson, 877 S.W.2d at 771.           

If appellant proves his
counsel=s representation fell
below an objective standard of reasonableness, he still must affirmatively
prove prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693; McFarland,
928 S.W.2d at 500.  Counsel=s errors, even if
professionally unreasonable, do not warrant setting the conviction aside if the
errors had no effect on the judgment.  Strickland, 466 U.S. at 691.  Appellant must prove that counsel=s errors, judged by the
totality of the representation, denied him a fair trial, or his claim fails.  McFarland, 928 S.W.2d at 500.  

Appellant fails to
provide this Court with any evidence to affirmatively demonstrate the
ineffectiveness of his trial counsel. 
She did not file a motion for new trial, and the record contains no
evidence of the reasoning behind her trial counsel=s action in failing to
object to the prosecutor=s
voir dire.  Thus, appellant has failed to
rebut the presumption that counsel=s
actions were reasonably professional and motivated by sound trial
strategy.  Additionally, appellant has
not demonstrated that trial counsel=s
performance prejudiced her defense. 
Appellant=s
fourth issue is overruled.

The judgment of the trial
court is affirmed.

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered and Memorandum Opinion filed June 19, 2003.

Panel consists of Justices Yates, Hudson, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).