Affirmed and Opinion filed September 25, 2003















Affirmed and Opinion filed September 25,
 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00816-CR

____________

 

WILLIAM ROBERT PRICE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 918,615

 



 

O
P I N I O N

Appellant,
William Robert Price, was charged by indictment with aggravated sexual
assault.  The jury found appellant guilty
and assessed his punishment at 25 years= imprisonment.  In four points of error, appellant contends
(1) the evidence was legally and factually insufficient to support his
conviction, and (2) he received ineffective assistance of counsel.  We affirm.








For
a few months in 1986, Carolyn Michelle Stevens lived with appellant and her two
young daughters.  On several occasions,
while Stevens worked, appellant cared for her two daughters.  On one of those occasions, the younger
daughter was watching television in her room, when appellant approached the
older daughter in the living room.  He
threatened to kill her if she told anyone what he was about to do.  Appellant then proceeded to sexually assault
the complainant.

During
the assault, a neighborhood friend knocked on the door and asked if the older
daughter could play.  Appellant told the
neighbor the complainant was sick and locked the door.  He then went back to the complainant and continued
his assault.  Afterward, he told the girl
to get dressed, and threatened her life again. 


Four
years later, when the older daughter was 12 years-of-age, Stevens found her
engaged in simulated sexual intercourse with her younger sister, at which time
the older daughter confided in her mother that she had been sexually assaulted.  Stevens immediately called police.  After a thorough investigation, appellant was
charged with, and subsequently convicted of, aggravated sexual assault.  

Legal and
Factual Insufficiency

In
his first and second issues, appellant argues the evidence is legally and
factually insufficient to support his conviction because the State failed to
prove he sexually assaulted the victim.  








In
evaluating a legal sufficiency challenge, we view the evidence in the light
most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 n. 12 (1979); Garrett
v. State, 851 S.W.2d 853, 857 (Tex. Crim.
App. 1993).  We will not overturn the verdict unless it is
irrational or unsupported by proof beyond a reasonable doubt.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991). 
The jury, as the trier of fact, Ais
the sole judge of the credibility of witnesses and of the strength of the
evidence.@ 
Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim.
App. 1999).  The jury may believe
or disbelieve any portion of the witnesses=
testimony.  Sharp. v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986).  Therefore, if any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d
607, 614 (Tex. Crim. App. 1997). 

To
show appellant was guilty of aggravated sexual assault as alleged in the
indictment, the State had to show he intentionally and knowingly penetrated the
sexual organ of another, under the age of fourteen and not his spouse, and he
caused the sexual organ of the complainant, a person younger than fourteen years
of age and not his spouse, to contact the sexual organ of the appellant.  Tex. Pen. Code Ann. ' 22.021(a)(1)(A)(i) & (iii) (Vernon Supp. 2003).  Appellant contests only the State=s
proof to show he committed aggravated sexual assault.  

The
complainant, a twelve-year-old girl, testified appellant Astuck
his private inside of her private.@ 
Appellant then threatened to kill the victim, her mother, or her little
sister if she told anyone about the incident. 
During cross-examination, the complainant admitted this was an isolated
incident, and that she did not tell her mother until four years later when her
mother found her involved in simulated sexual intercourse with her younger
sister.  The victim=s
testimony, alone, however, is sufficient to support the jury=s
finding that appellant caused the contact of her sexual organ with his.  Vernon v. State, 841 S.W.2d
407, 409B10
(Tex. Crim. App. 1992). 
After examining the evidence, we find it is sufficient to permit a
rational factfinder to convict appellant of aggravated
sexual assault.  Appellant=s
first issue is overruled. 








Appellant,
however, also contends the evidence is factually insufficient.  When reviewing claims of factual
insufficiency, it is our duty to examine the jury=s weighing of the evidence.  Clewis v. State, 922 S.W.2d 126, 133, 134 (Tex. Crim. App. 1996). 
There are two ways in which evidence can be factually insufficient: (1)
the evidence is so weak as to be clearly wrong or manifestly unjust, or (2) the
finding of a vital fact is so contrary to the great weight and preponderance of
the evidence as to be clearly wrong.  Zuliani
v. State, 97 S.W.3d 589, 593 (Tex. Crim.
App. 2003).  Determining which standard applies depends
upon whether the complaining party had the burden of proof at trial.  Id. 
If the complaining party did not have the burden of proof, then the Amanifestly
unjust@
standard applies.  Id. 
On the other hand, if the complaining party had the burden of proof,
then the Aagainst
the great weight and preponderance@ standard applies.  Id. 
Under the Texas Court of Criminal Appeals= modified approach, if the defendant
challenges the factual sufficiency of the elements of the offense, even though
the State had the burden of proof, we must review the evidence using both standards.  Id. 
Thus, when reviewing factual sufficiency challenges, we must determine Awhether
a neutral review of all of the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.@  Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim.
App. 2000).

Appellant
contends the evidence is factually insufficient to support his conviction
because of many alleged inconsistencies and inaccuracies in the State=s
evidence.  Appellant argues no physical
evidence was offered to show he sexually assaulted the victim.  Although the examining doctor admitted the
victim=s
medical exam failed to establish whether the victim was sexually abused, the
doctor also explained that this is not unusual in cases of sexual abuse, and
that in over ninety percent of these cases there is no evidence of physical
trauma.  Here, the victim was examined
approximately four years after the incident was alleged to have occurred.  Additionally, if the victim had bruising or redness
in the vaginal area, it would heal in a few weeks.  








Appellant
also argues the victim lied as to why she told her mother about the sexual
assault.  On direct examination, the
victim testified she told her mother of the attack while she was having her
monthly cycle and her mother Acould tell something was wrong.@  On cross-examination, the victim admitted her
mother walked in as she was engaging in a simulated sex act with her younger
sister.  After telling her mother of the
sexual assault, the complainant=s mother lowered the complainant=s
punishment for her behavior.  

The
jury disregarded appellant=s defense as was its right.  Moore v. State, 804 S.W.2d
165, 166 (Tex. App.CHouston [14th Dist.]
1991, no pet.) (holding jury is entitled to accept the
State=s
version of the facts and reject appellant=s version or reject any of the
witnesses= testimony).  We find the verdict was not so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust nor does the record undermine our confidence in the
jury=s
determination.  Appellant=s
second issue is overruled.  

Ineffective
Assistance of Counsel

In
his third issue, appellant contends he received ineffective assistance of
counsel at the guilt/innocence phase of the trial.  He contends his trial counsel failed to (1)
request an instruction to disregard; (2) request a mistrial at the appropriate
time; (3) establish the exact time appellant lived with the victim=s
mother; and (4) investigate critical fact
witnesses.  

Under
Strickland, appellant must demonstrate (1) counsel=s
performance was deficient and not reasonably effective and (2) the deficient
performance prejudiced the defense.  Id. 
Essentially, appellant must show his counsel=s
representation fell below an objective standard of reasonableness, based on
prevailing professional norms, and there is a reasonable probability that, but
for his counsel=s unprofessional errors, the result
of the proceeding could have been different. 
Id. at 693; Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997).  








Judicial
scrutiny of counsel=s performance must be highly
deferential and we are to indulge a strong presumption that counsel was
effective.  Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  We presume counsel=s
actions and decisions were reasonably professional and that they were motivated
by sound trial strategy.  Id. 
Moreover, to rebut this presumption, appellant must show, by a
preponderance of the evidence, why trial counsel did what he did.  Id. 
Any allegation of ineffectiveness must be firmly founded in the record
and the record must affirmatively demonstrate the alleged ineffectiveness.  McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996), overruled on other
grounds by Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim.
App. 1998).  If the record contains no
evidence of the reasoning behind trial counsel=s actions, we cannot conclude
counsel=s
performance was deficient or speculate about the reasons behind trial counsel=s
actions.  Jackson, 877 S.W.2d at
771.

If
appellant proves his counsel=s representation fell below an
objective standard of reasonableness, he must still affirmatively prove
prejudice as a result of those acts or omissions.  Strickland, 466 U.S. at 693; McFarland, 928 S.W.2d at 500. 
Counsel=s errors, even if professionally
unreasonable, do not warrant setting the conviction aside if the errors had no
effect on the judgment.  Strickland,
466 U.S. at 691.  Appellant must prove that counsel=s
errors, judged by the totality of the representation, denied him a fair trial,
or his claim fails.  McFarland, 928 S.W.2d at 500.

There
may well have been good reasons counsel did not request an instruction to
disregard, request a mistrial, establish the exact time appellant lived with
the victim=s mother; or subpoena certain witnesses,
but he was not afforded an opportunity to explain his actions.  Without such an opportunity, appellant failed
to rebut the presumption that counsel=s actions were reasonably
professional and motivated by sound trial strategy.  McKinny
v. State, 76 S.W.3d 463, 473 (Tex. App.CHouston
[1st Dist.] 2002, no pet.);  Stults v. State, 23 S.W.3d 198, 208B09
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Appellant=s third issue is overruled.








In
his fourth issue, appellant contends his trial attorney provided ineffective
assistance of counsel during the punishment phase of the trial because he did
not present an adequate oral argument. 
The record contains a cogent argument delivered by counsel on appellant=s
behalf at the punishment phase. 
Appellant does not suggest in his appellate brief in what manner the
argument was allegedly defective or inadequate. 
Moreover, we will not speculate on how or in what manner appellant might
be dissatisfied with his counsel=s efforts.  Appellant has presented nothing for our
review, and his fourth point of error is overruled.  

The
judgment of the trial court is affirmed. 


 

 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

Judgment rendered and Opinion filed September
 25, 2003.

Panel consists of Justices Yates,
Hudson, and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).